The opinion of the court was delivered by
Breaux, J.
This was an action by the plaintiff wife against her husband, the defendant, for a separation from bed and board, on the ground of excesses, cruel treatment and outrages.
The specific charges are outrages committed by the husband in her regard and cruel treatment of their children. Without taking up all the details of grievances alleged, it suffices for present purposes to state that the averments of the petition were ample to admit the evidence offered in support of the complaint.
The defendant controverted each of plaintiff’s grounds for a separation from bed and board, and alleged a number of counter charges against her.
Two girls are issue of the marriage, aged respectively seven and nine years.
There was judgment for plaintiff of separation from bed and board, dissolving the community of acquets and gains, giving plaintiff custody of the children and allowing the defendant access to them, rejecting defendant’s reconventional demand, reserving to both of the parties the right in separate proceedings, to partition the community and settle their respective property claims.
From the judgment, the defendant prosecutes this appeal.
We must, in the first place, bake up for decision the error it was urged was committed by the court a qua in overruling plaintiff’s objection to the defendant’s introduction in evidence of the deposi *1698 tions of two of defendant’s witnesses, residents of another State, taken under commission.
The defendant in his application for the commission had made no affidavit of the materiality of the depositions of these witnesses, though they were absentees.
It appears in due time, after the commission and answers to the interrogatories had been returned, the defendant tendered a rule to show cause why the depositions should not be used in evidence.
No answer was filed to the rule, and no reason was urged at the time against the admissibility of the evidence.
The rule was made absolute.
On the trial when the depositions were offered objections were made on the ground that only such objections as were founded upon the irregularity in the execution of the commission had been cured, and that those founded upon the irregularity or illegality in obtaining the order for the commission to issue had not been cured.
In our judgment the position is not tenable.
It was a question of form, cured by the order, making the rule absolute. Execution as used in Art. 439 of the O. P. is not necessarily limited to executing the commission by the officer to whom it is directed. It may also, impliedly at least, relate to an irregularity in issuing the commission as in executing a commission. After having thus determined, without objection on the part of any one, the court could not in the order of things be expected to return to the commission to hold that there was an irregularity bearing upon the issue of the commission.
Moreover, there was acquiescence; silence gives consent in the matter of a rule, as it does in the trial of other issues at times. The defendant in rule was expressly brought into court in matter of these depositions to indicate the irregularities at or preceding the execution of the commission, having sub silentio permitted the rule to become absolute; the objection urged on the trial of the case came too late.
The next point urged by plaintiff relates to error in overruling her objection to defendant’s introduction in evidence of letters to plaintiff.
While such letters are not admissible for the purpose for which they were offered, yet if not excluded they do not affect the issues of the case one way or the other. They, with the exception of one, *1699 are not of recent date, and have no direct bearing upon the issues of the case.
Defendant, after judgment, moved for a new trial on the ground of newly discovered evidence. The judge a quo overruled this motion. With the facts before us, we must sustain his ruling. One must show that he became aware of the evidence since the trial, and that his efforts were exerted in good faith. In case of doubt, new trial is not granted.
We pass to a summary of the evidence.
It appears that in the eighties, the plaintiff, who had been a pupil for some time in a female college North, became the wife of the defendant. Not many months after the marriage differences arose between her and her husband. It is charged that they were occasioned by defendant’s repeated acts of cruelty. They left St. Paul, Minnesota, and came to Lake Side, in Oameron parish, to establish a permanent home. The difficulties and troubles followed them. Discord and discontent reigned in their humble habitation on the Lake Side. While here she sought to provide for the members of the family by keeping a boarding house; and he also worked to aid in supporting them. They met with poor success. Distresses, of all kinds were keenly felt. Quarrels brought an aversion and an enmity. They went from this place to Lake Charles. There they became active members of one of the churches; he was chorister, also superintendent of a Sunday school. The agencies and good influences of the church did not tend to lessen the anger and animosity between plaintiff and defendant.
We have noted that they are connected by children; this consideration has had, it appears, no effect.
The weight of evidence reveals that severe punishment was inflicted upon the children by the father, not, it is siid in substance by the witnesses, to make them better, but to annoy and afflict the mother.
If the evidence be true — we have no reason to question its veracity —the punishment certainly was excessive.
We will not recount the particulars of the flagellations; it is enough to say that they were at times, in the opinion of witnesses, extreme. The attending physician testifies that plaintiff was of a nervous temperament, and that there was some unknown cause to-him that aggravated her illness. Plaintiff’s mother sought to trace *1700 the cause to the alleged ill treatment of the children by the defendant. Punishment of children is not cause for separation from bed and board. It must be made evident that the ill treatment of the child in the mother’s presence was solely for the purpose of giving her grief, and that it affected her health. There was testimony offered to bring the case within the application of that principle of law relative to divorces. The mother of plaintiff testified in regard to the treatment of the children by the defendant: “ When she was sick it made her very much worse. I think she suffered more in her mind from his treatment of the children than from anything else.”
Moreover, there were reproaches, in language we will not write down, coming from the husband, which were, it is urged, unendurable.
The nature and feelings of persons greatly differ. Treatment which would cause great suffering and even sickness with one, would barely impress itself upon the mind of another.
The judgment of the District Court sought to put an end to a union which has every appearance of being miserable! He saw and heard the witnesses. We presume that he had a personal acquaintance with most of them. We have found no reason to differ from the conclusion he arrived at in regard to its weight and its preponderance.
With reference to the partition of the property referred to by the District Court to a later date. The amount included is below the lower limit of our jurisdiction. It is now an independent issue to be disposed of in the manner decreed by the District Court.
It is therefore ordered and adjudged that the judgment appealed from be affirmed.