and the use of that term in the first act had been an error.

The record leaves no doubt whatever that Randolph understood lot 3 to form part of his Forrest Home Plantation, and that the plaintiffs, until recently, were under the same impression. In 1872—seven years before the sale to defendant's author—Randolph sold the plantation by a description according to government surveys, and in the sale included this lot 3. He sold it then as the Forrest Home Plantation, just as afterwards to defendant's authors. In 1874—five years before the sale to defendant's authors—he reacquired the plantation with this lot 3 forming part of it. His sale to defendant's authors was of the Forrest Home Plantation, and by the same boundaries. Exclude this lot 3 from the plantation, and the land of Balthazar Rills, which in all the acts is stated to be the south boundary, becomes separated by half a mile.

The lot 3 in question is part of section 2, and is bounded west by section 3. Sections 2 and 3 are contiguous, and on the same parallel, section 2 being east, and section 3 west. In the first act, and also in the corrected act, section 3 is given as belonging to the vendor, Randolph, and as being one of the lands bounding Forrest Home Plantation on the west. Now, shortly before filing this suit plaintiffs sold section 3, and gave Forrest Home Plantation as its east boundary, thereby showing that their impression was that this lot 3, part of section 2, was included in the Forrest Home Plantation. Had they not been under this impression, they would have given Forrest Home Plantation as forming only part of the east boundary, and would have given this lot 3 as forming the other part. As a matter of course, this recital in a sale of other lands to other parties does not operate as an estoppel, but it serves as an indication of what the understanding of the plaintiffs has been heretofore in regard to lot 3 being part of Forrest Home Plantation.

We conclude the leaving out of lot 3 from the corrected act was the result purely of inadvertence.

The area of that part of the plantation situated in T. 10, R. 12, is not shown by the record, except by the vague statement "about 2,200 arpents, more or less"; hence the court does not know positively that by the descrip-

tion according to boundaries a greater area is conveyed than that specified in the corrected act, viz., 2,346.97 acres. But, if a greater area was conveyed, the legal situation is not changed, since the sale was of the Forrest Home Plantation, such as it was understood to be, and the record leaves no doubt that it was understood to include this lot 3. The sale was per aversionem. Davis v. Millaudon, 17 La. Ann. 97, 87 Am. Dec. 517.

The argument that the sale is not by boundaries because the western boundary is given as land of vendor, and between the two tracts there existed no material demarcation, the locality being nothing more than an expense of swamp woodland, is without force. The land sold is said to be bounded on the west by section 3. This was a definite boundary; as much so as the boundaries to the south and to the east. Doubtless these lands to the south and to the east were part of the same expanse of swamp woodland, with boundaries not otherwise delineated than by the government surveys.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs in both courts.

---

(34 South 589.)

No. 14,461.

FREUDENSTEIN v. FREUDENSTEIN.*

(March 30, 1903.)

DIVORCE—PLEADING—SUPPLEMENTAL PETITION.

1. Where plaintiff in an action for separation from bed and board is allowed to file a supplemental petition charging defendant with acts committed after service of petition upon him, a judgment in favor of the plaintiff must be reversed, where the situation was such as to cause the judgment to rest really upon the supplemental petition as the main demand.

Blanchard, J., dissenting.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Agnes Freudenstein against William Freudenstein. Judgment for plaintiff, and defendant appeals. Reversed.

---

*Rehearing denied June 9, 1903.

Richard H. Browne, for appellant. Rufus E. Foster, for appellee.

### Statement of the Case.

NICHOLLS, C. J. The defendant appeals from a judgment decreeing a separation of bed and board between himself and his wife.

The chief contention is as to whether the plaintiff should have been permitted, as she was, to file a supplemental and amended petition, in which she set up in aid of her original prayer various acts of the defendant which she alleged had taken place subsequently to the service of the petition made upon him. It is maintained that these alleged acts could not be urged as substantive grounds for a separation; that, if they really occurred, they could have been declared upon only in a new and independent suit. Defendant contends that the judgment against him was based exclusively upon the amended petition. The acts complained of in plaintiff's original petition are charged to have taken place on July 26 and on July 29, 1901, while those added in the supplemental petition are averred to have taken place on August 9, 1901. If the judgment be maintained, it must rest either upon the acts charged to have taken place on the 9th of August, standing alone, or those acts taken in connection with those set out in the original petition as having occurred on the 29th of July, 1901, for those of July 26th which were declared upon were not sustained. The acts of the 29th of July, 1901, charged against him by the plaintiff, are that he (she being absent at the time set forth in the petition) publicly defamed her in the presence of the wife's mother and sister, of her stepdaughter, and of one of the latter's lady friends.

### Opinion.

We have examined the record to ascertain what the situation would be if the testimony as to what took place on the 9th of August had not been introduced at all; next, what the situation would have been, if, without the filing of the amended petition, it had been permitted to have been introduced over defendant's objections; and, lastly, from the actual situation of its having been introduced over objection, when an amended petition in the meantime had been allowed to be filed over opposition. Had the case gone to trial without any testimony as to what occurred on the 9th of August, we are of the opinion that plaintiff would not have made out her case. Had testimony been taken on the trial without any additional pleading as to what occurred on the latter day, this testimony could not be used as substantive evidence in support of substantive grounds on which to base a judgment, but, at best, as evidence corroborating or supporting the grounds set out in the original petition.

Considering the testimony from that standpoint, as being authorized to be so considered under the decision in Mack v. Handy, 39 La. Ann. 496, 497, 2 South. 181, we think plaintiff's demand would be still unsustained. Assuming that defendant's conduct on the 9th of August was such as plaintiff alleges it to have been, the acts of that day were acts separate and distinct from those of the 29th of July, and not bearing such a relation to each other as would authorize their being so linked together for the purpose of giving the plaintiff a judgment, on the original petition. This being the situation, the correctness of the district court's action turns upon the question whether the plaintiff was justified in introducing a new cause of action into the case, based upon facts occurring after the institution of the suit, through the instrumentality of an amended petition. We do not think she was. To affirm the judgment would be really to give plaintiff a judgment upon the supplemental petition as the main demand. The judgment should be reversed, without prejudice.

We take occasion to say that there is evidence in the record which leads us to believe that a reconciliation between these parties may be affected by following that course. For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff's demand be rejected, and her suit dismissed, without prejudice, as of nonsuit.

BLANCHARD, J., dissents.