(84 South. 167)

No. 23906.

STATE v. NUNEMACHER et al.

(March 1, 1920. Rehearing Denied April 5, 1920.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞1159(5)—QUESTION OF WHETHER LIQUOR IS INTOXICATING NOT TO BE DETERMINED BY APPELLATE COURT.

On appeal from conviction in an intoxicating liquor case, appellate court will not determine the question of whether the liquor was intoxicating; such question being for the trial court or jury.

2. CRIMINAL LAW ☞260(11) — FINDING OF LOWER COURT ON SUFFICIENCY OF EVIDENCE TO CONVICT NOT REVIEWABLE.

The Supreme Court cannot review finding of lower court on sufficiency of the evidence to convict.

3. CRIMINAL LAW ☞1166(8) — REFUSAL OF CONTINUANCE HARMLESS WHERE CONTINUANCE WAS SUBSEQUENTLY ORDERED.

Refusal of a continuance was harmless, where ruling of court was changed and a continuance subsequently ordered.

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

John L. Nunemacher and William Gerdes were convicted of selling intoxicating liquor to a 16 year old boy, and they appeal. Affirmed.

Richard B. Otero and Clarence S. Hebert, both of New Orleans, for appellants.

A. V. Coco, Atty. Gen., and Chandler C. Luzenberg, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans (T. Semmes Walmsley, Asst. Atty. Gen., of counsel), for the State.

SOMMERVILLE, J. John L. Nunemacher, the keeper of a barroom in the city of New Orleans, and William Gerdes, his barkeeper, were jointly charged with having sold to Emile Hessler, a 16 year old boy, intoxicating liquor, on November 9, 1919. Nunemacher was charged in a second count with having committed the same offense on a former occasion, and with having been convicted thereof. They were found guilty and sentenced, and they have appealed.

The record contains seven bills of exceptions, six of which relate to the sufficiency of the evidence introduced on the trial to support a finding of guilty. Appellants made all the testimony taken in the case, including the bottle of wine sold to Hessler,

parts of their bills of exceptions. The bottle of wine was brought up in the original package on the application for a writ of certiorari by defendants. In argument, it was stated that the contents of the bottle were "vile stuff," on account of its weakness; and the court, it is supposed, is expected to test the wine for the purpose of determining whether it is an intoxicating liquor or not.

[1] The fact whether the liquor was intoxicating or not must be determined by the trial judge or jury alone. This court is without jurisdiction in the matter.

Emile Hessler, the minor, who bought the wine, testified as a witness that he bought the bottle of wine from William Gerdes, the barkeeper of Nunemacher's saloon, and that the bottle produced on the trial of the case was the same bottle which he had bought. One of the officers who made the charge against defendants opened the bottle at the time the charge was made, smelled it, and testified that it contained wine. The trial judge tasted the contents of the bottle, after it had been introduced in evidence, and he found and declared that it was intoxicating liquor.

[2] There was therefore evidence before the trial judge that defendants sold intoxicating liquor to the minor, Emile Hessler, at the time indicated in the affidavit against defendants. This evidence, in the opinion of the trial judge, was sufficient to sustain a judgment of conviction; and this court cannot review the finding of the court on the sufficiency of the evidence to convict.

The trial appears to have been regularly conducted, and defendants were tried and convicted under due process of law.

[3] The other bill of exceptions was taken to a refusal of a continuance made by the defendants during the course of the trial. The ruling of the court was changed and a continuance was subsequently ordered, all of which was in accordance with the application of defendants and they were not in any way prejudiced by the rulings. The matter was not pressed on the brief, and it was doubtless abandoned.

The judgment appealed from is affirmed.