(112 So. 498)

No. 28145.

## ROMERO v. DAUTRIELLE.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. Divorce ⬳130—Evidence held not to justify granting separation from bed and board to husband for cruelty of wife.

In suit by husband for separation from bed and board on ground of cruel treatment of wife, evidence *held* to show that both parties were guilty of acts toward each other which were not of legal sufficiency to grant relief prayed for.

2. Divorce ⬳27(2)—Reciprocal wrongs or solitary instance of ill treatment do not warrant judgment of separation.

Judgment of separation from bed and board is not warranted by reciprocal wrongs or solitary instance of ill treatment.

3. Divorce ⬳27(10)—Unless child is ill treated in father's presence to give him grief and affect his health, punishment of children is not ground for judgment of separation.

Punishment of children is not ground for judgment of separation from bed and board, unless child is ill treated in father's presence solely for the purpose of giving him grief and to affect his health.

O'Niell, C. J., dissenting in part.

Appeal from Sixteenth Judicial District Court, Parish of Iberia; James D. Simon, Judge.

Suit for separation from bed and board by Adonis Romero, husband, against Alexandrine Dautrielle, his wife. From an adverse judgment, plaintiff appeals and moves to remand the cause. Motion denied, and judgment affirmed.

Burke & Smith and E. Vuillemot, all of New Iberia, for appellant.

Lessley & Rouly, of Lafayette, for appellee.

THOMPSON, J. This is a suit by the husband for a separation from bed and board on the ground of cruel treatment.

The couple were married on September 19, 1925, separated on December 27, 1925, and this suit was filed on January 18, 1926.

It was the third matrimonial contract of the husband and the second of the wife. The prior marriages of the parties were dissolved by the death of the other spouse.

The plaintiff had eight children by his second marriage, seven of whom were minors ranging in ages from 4 to 18 years, respectively.

The defendant had one girl by her prior marriage aged 12.

The plaintiff was a planter and enjoyed a good reputation in his community. The defendant after the death of her husband was engaged in nursing the sick and working in a boarding house. Her character was likewise above suspicion or reproach.

The couple had known each other only 15 days when the plaintiff proposed marriage and was accepted.

The acts of cruelty charged against the defendant are as follows:

(1) That three weeks after the marriage the defendant revealed a violent temper and from that time made his life burdensome.

(2) That she not only continued her quarreling and nagging during the day, but throughout the night, preventing him from sleeping, and having that repose necessary to enable him to perform his daily work.

(3) That she carried her violent acts to the extreme of striking and assaulting three of his children without any justification, and has threatened the life of one by hurling an iron poker at her.

(4) That she has demanded of him the expulsion of at least one of the children from his home.

(5) That she has made a physical attack on him, striking and kicking him and using abusive and insulting language defamatory to him in the presence of his children.

[1-3] The learned trial judge sums up and

discusses the conduct of defendant which is made the basis of cruel treatment as follows:

"As to the charge of having been struck by defendant, the court must conclude that an act of the character, if it be true, is not sufficient provocation or cause. Plaintiff is a man of large proportions (215 pounds); defendant a small woman approximately 90 pounds. Such an act as charged does not under the law amount to cruel treatment, where no complaint was made at that time, but on the contrary both continued subsequently the common use of the marital bed.

"Reciprocal wrongs or a solitary instance of ill treatment * * * will not warrant a judgment of separation from bed and board"—citing Primeaux v. Comeaux, 139 La. 549, 71 So. 845.

"Plaintiff further charges that defendant ill treated and struck the children of his former marriage.

"Defendant admits having done so, but in a spirit of guardian and caretaker of their proper upbringing. The evidence discloses that defendant slapped two of the children, one a girl of 7 years, for smoking; and the other a boy of 4 years, for having raised his hands on defendant.

"Plaintiff states as one of his reasons for marrying defendant that he wanted some one to properly raise his children.

"It is clearly evident that she was attempting to and carrying out the duties and functions consequent with her position in an effort to give these children a knowledge of proper conduct and behavior.

"As to the striking of the girl of 18 years, both defendant and the young lady admit exchanging a volley of missiles, one a small iron stove cleaner and the other a catsup bottle, with no injury to either, and the further admission that immediately thereafter no anger remained, clearly evident of a light difference, which as defendant testifies grew out of the young lady refusing the use of clean clothes for the younger children which the latter placed under lock.

"Punishment of children is not cause for separation from bed and board. It must be made evident that ill treatment of a child in the father's presence was solely for the purpose of giving him grief, and to affect his health"—citing Dunlap v. Dunlap, 49 La. Ann. 1696, 22 So. 929.

"As to the third charge of cruel treatment, the evidence of plaintiff that defendant daily and nightly engaged in nothing but the use of epithets is incredible.

"Here we find the defendant in a state of pregnancy, a condition in itself sufficient to disrupt the most even-tempered of women.

"Defendant retaliates that, in addition to her condition, she having been in a family way at the time alleged, plaintiff has persistently vexed her by acts calculated to arouse her jealousy more particularly when she was in a family way.

"The record further discloses that plaintiff at no time endeavored to pacify and ease the temper of his wife, but on the contrary expelled the defendant from the marital bed forcing her to occupy another room. And that subsequently thereto did not seek the return of his wife, who had gone on a visit to plaintiff's daughter, the latter residing a mile from plaintiff's home.

"All of these facts conclude me in the opinion that plaintiff and defendant are guilty of acts towards each other which are not of legal sufficiency to grant the relief prayed for."

The plaintiff and appellant has filed a motion to remand the case in order to prove that the defendant was not pregnant with child as asserted by defendant on the trial in the court below. The disputed fact has no particular significance or bearing on the main issue that would justify remanding the case.

The reasons given by the trial judge which we have quoted in part, amply justify his judgment in rejecting plaintiff's demand for separation.

Judgment affirmed.

O'NIELL, C. J. I concur in the decree rendered in this case, but not in the unqualified statement of the district judge that one instance alone of cruel treatment cannot be sufficient cause for a separation from bed and board. In Veal v. Veal, 140 La. 879, 74 So. 181, the jurisprudence on the subject was thoroughly reviewed, and Primeaux v. Comeaux, 139 La. 549, 71 So. 845, was shown to be not authority for the doctrine that one instance of cruel treatment on the part of one of the spouses towards the other cannot be sufficient cause for separation from bed and board.