ST. PAUL, J.
 

 This is a suit in which the husband seeks a separation from his wife on the ground of alleged public defamation.
 

 The defense is, in effect, that the wife loves and respects her husband; did not mean to, and did not in fact, defame him; that she desires his return to the matrimonial domicile from which he has absented himself; and is ready to receive him as a dutiful wife whenever he does so.
 

 I.
 

 The facts are that on the night of January 28, 1925, plaintiff left the common dwelling in Lake Charles for a trivial cause, the result of his not being quite himself that evening; and did not return. On the next day defendant telephoned for their 19 year old son, then in Houston, Tex., so that he might come home should she need protection, she being left alone in the home, and also for the purpose of persuading his father to return.
 

 A Mr. Moody, a friend of the family, and the common employer of both father and son, answered the telephone, and to him she explained the reason why she wished her son to come to her, adding that her husband had of late been doing some drinking and card playing, and that she feared he was falling among undesirable companions.
 

 And to a Mr. Krause, another friend of the family and business associate of plaintiff, she made the same statement, asking him to speak to her husband, and attempt to effect a reconciliation between him and herself.
 

 II.
 

 We think defendant’s fears were not wholly unreasonable. True plaintiff is certainly neither a drunkard, nor a gambler, and his wife made no accusation of that sort; but plaintiff did occasionally take a few drinks, he did occasionally play cards, and the wife did believe that this was in some measure responsible for the fact that their family relations ran not as smoothly as they should have run.
 

 It was therefore very natural that she should make some mention of the circumstance to the employer and friend of her son in explanation of what might otherwise appear as an unreasonable request for her son to leave his employment and come back to her home.
 

 And, as to the appeal to Mr. Krause, we think it was made in sincerity and good faith, for the purpose of attempting a reconciliation with her husband, and not for the purpose of injuring and defaming him. This distinguishes the case from Flake v. Flake, 163 La. 1022, 113 So. 361, and Cass v. Cass, 34 La. Ann. 611, and brings it within Ashton v. Grucker, 48 La. Ann. 1194, 20 So. 738, wherein this court said:
 

 “The utterances of a wife to a confidential friend while seeking sympathy and advice and when smarting under what she reasonably considered to be wrongs received at the hands of her husband * * * will not be held to be ‘public defamation.’ ”
 

 III.
 

 Plaintiff further alleges that his wife defamed him by charging him before the district court with failure to support her.
 

 The facts are that plaintiff had some months before that left the matrimonial domicile, and by agreement was to send her a small weekly stipend. This weekly allowance, when paid regularly, barely sufficed even for necessities. But it was not always paid regularly, and the occasion for making the affidavit was that two weeks’ allowance was then due her, and her husband seemed disposed to put off still further the sending of it to her. The charge was not
 
 *1063
 
 préssed to trial, as the allowance was thereafter regularly paid, and the wife at her husband’s request gave him a letter to the district attorney asking the dismissal of the charge. This letter was kept a few days by the plaintiff, and returned to defendant just before the filing of this suit.
 

 In our opinion this whole matter is too trivial to support a charge of public defamation.
 

 IV.
 

 Plaintiff further alleges that defendant had previously filed against him two different suits for separation from bed and board, in which she charged him with ill treatment, but afterwards withdrew them upon a reconciliation having been effected between them.
 

 This is not pressed, but, if it were, it would only serve to convince us more firmly that the defendant was at all times desirous of a reconciliation with her husband, and was merely seeking the removal of those causes which seemed to her to interfere therewith, when she appealed to Mr. Krause.
 

 The trial judge saw no merit in plaintiff’s •claims, and we see no error in his conclusions.
 

 Decree.
 

 The judgment appealed from is.therefore affirmed.