For the reasons assigned, the judgment appealed from is affirmed.

THOMPSON, J., takes no part.

(121 So. 182)

No. 28116.

### McKOIN v. McKOIN.

Feb. 25, 1929. Rehearing Denied March 25, 1929.

Todd & Todd, of Bastrop, and George Wesley Smith, of Rayville, for appellant.

Edward L. Gladney, Jr., of Bastrop, for appellee.

BRUNOT, J. Plaintiff filed an original and two supplemental and amended petitions. Defendant answered these pleadings and reconvened. Both litigants pray for judgments, in their favor, decreeing a separation a mensa et thoro, and giving them the custody of

two minor children, the issue of their marriage.

The case was regularly tried, and judgment was rendered in favor of the plaintiff and against the defendant, decreeing a separation from bed and board, but giving each of the litigants the custody of one of the children and, during the pendency of the suit, ordering the plaintiff to pay alimony to the defendant at the rate of $50 per month. From this judgment the plaintiff appealed.

The defendant has answered the appeal, in this court, and prays that the judgment be reversed in so far as it is favorable to the plaintiff and that judgment be rendered in her favor, in all respects, as prayed for in her reconventional demand.

The plaintiff alleges abandonment, cruel and abuse treatment, and defamation of character as the grounds upon which his suit for a separation is based. He also alleges that defendant is a morphine or drug addict, and that she has neglected and been cruel to their children, as reasons why she should not be given the custody of them. The defendant specifically denies all of the enumerated allegations; she alleges that she has been a faithful and dutiful wife; that the plaintiff has illtreated, cursed, and abused her; and because of her failing health and the plaintiff's continued brutality towards her, she was compelled to leave him and seek shelter and protection at the home of her mother.

The case was on trial for three days, and the record contains many pages of oral testimony, which we have carefully read. Much of the testimony has little, if any, relevancy to the real issues presented by the pleadings. It relates to the litigants' neighbors' and friends' high estimate of the worthiness of both of them, and it merely shows that their public conduct was beyond reproach. The plaintiff and defendant alone testify to the alleged frequency and causes of their marital

disagreements, and to the threats made and harsh language each charges the other with using at such times. These disagreements occurred in the privacy of their home. All of their testimony, with respect to them, is in direct conflict, and neither of them is corroborated by other testimony or by any proven circumstances, except on the occasion when the wife left the matrimonial domicile she was crying; she went directly to a nearby neighbor, exhibited what appeared to be finger prints on her wrist, and complained of the conduct of her husband towards her.

A fair preponderance of all of the testimony bearing on the material facts of the case leads us to the conclusion that the spouses are chargeable with mutual misconduct towards each other which, because of the defendant's unfortunate physical condition, is so nearly proportional that we cannot determine which of the parties is at greatest fault. When this is the case the courts will not grant relief to either. Snell v. Aucoin et al., 158 La. 767, 104 So. 709; Romero v. Dautrielle, 163 La. 597, 112 So. 498.

It is shown that both spouses love their children and both have whipped them occasionally, in a reasonable way, when they were disobedient or unruly, but there is no proof that either ever treated them cruelly. It is shown that, for approximately three years preceding the filing of this suit, the defendant suffered acute pain from affected internal organs; that eventually her ovaries, tubes, uterus, and appendix were removed; that thereafter she was found to be suffering from a supernatant kidney which caused her excruciating pain, and after the kidney was sewed back in place the relief was not complete; that during the recurrent paroxysms of pain caused by the affected organs mentioned, and by the operations necessary to remove or properly place them, defendant's family physician and plaintiff's brother, a consulting physician, each administered to her hypodermics of morphine, but their testimony is that she is not and has not been a drug addict; and that her long-continued suffering and the effect of two serious operations weakened her physically and caused her to become, more or less, nervous and irritable.

We may assume that under the exceptional circumstances shown, the plaintiff owed the defendant the greatest possible consideration, and it was his marital duty to avoid provoking her to the use of intemperate language.

With respect to the alleged defamation of plaintiff's character, the testimony shows that defendant suspected the plaintiff of infidelity, and that she communicated her suspicions to plaintiff's father and sought his aid in severing a relationship which she thought existed. This court has held that such confidential communications do not constitute public defamation. Primeaux v. Comeaux, 139 La. 549, 71 So. 845.

Plaintiff alleges in his supplemental petition that, after service of his original petition upon defendant, she publicly defamed him. Evidence to support this alleged act of defamation was admitted over defendant's objection. The act complained of occurred at plaintiff's place of business, where defendant publicly charged that all of the allegations in plaintiff's petition which reflected upon her were lies, and that plaintiff was a s–o–b for making them. In the case of Dunn v. Bruat, 155 La. 376, 99 So. 296, it is held that the epithet the defendant is alleged to have applied to the plaintiff, on the occasion mentioned, is meaningless and nothing more than disgusting and senseless abuse. Moreover, this court held, in Freudenstein v. Freudenstein, 110 La. 424, 34 So. 589, that:

"Where plaintiff in an action for separation from bed and board is allowed to file a supplemental petition charging defendant with acts committed after service of the petition upon him, a judgment in favor of the plain-

tiff must be reversed, where the situation was such as to cause the judgment to rest really upon the supplemental petition as the main demand."

For the reasons stated, it is decreed that the judgment appealed from be avoided, and that this suit be dismissed, at appellant's cost.