ROGERS, J.
 

 Plaintiff is the wife of the defendant, and, brought this suit against him for a separation from bed and board. She alleges that she and her husband were married in the city of New Orleans on March 18, 1912, and that there were born of the marriage two children, who are now seven and five years of age; that she has always been a faithful and dutiful wife; that her, husband has treated her with indifference, has shown on numerous occasions that he had no love for her, and has ill treated her to such an extent as to make their living together impossible ; and further, that on June 23, 1928, her husband, without cause or provocation, struck her and knocked her down, causing her to leave him and take up her residence with her mother.
 

 Defendant admitted his marriage with plaintiff and the birth of their children, but denied all the other allegations of her petition.
 

 The court below rendered judgment in favor of defendant, and plaintiff has appealed.
 

 Only one alleged instance of ill treatment is presented by the record, and as to that there is a conflict of testimony. Plaintiff testified that on June 3, 1928, at the matrimonial domicile, the defendant gave her a severe beating, as a result of which her left eye and head were bruised and she was injured internally. Several witnesses testify that on the day in question one of plaintiff’s eyes was red, and that she had a lump on her head, and the next morning her eye was black and blue. A physician who was called to see plaintiff testified that there was a slight redness over her eye, which was trifling, and which might have been occasioned by a blow, a fall, or by neuralgia; that, if the mark was caused by a blow, it must have been a very light blow. The witness gave plaintiff some capsules to relieve a headache of which she complained. Defendant denied striking his wife. He testified that plaintiff grabbed him by his shirt and tore it off, threw a bottle at him, and then got a hammer and broke up some of their furniture. There is no room for doubt that on the occasion in question the parties engaged in a quarrel, resulting from the demand of plaintiff that defendant bring her a piece of ice. At the time plaintiff demanded the ice she was in the common residence, and defendant, who operated a pool room in the adjacent premises,
 
 *850
 
 was in bis place of business. There is a conflict of testimony as to who began tbe quarrel, but w'e tbink that, on the whole, it shows that it was plaintiff herself who did so. It was a hot summer’s day and, doubtless, the torridness of the weather was reflected in the tempers of the parties. Plaintiff was obviously provoked by the slowness of defendant in responding to her demand, and defendant, on his part, was plainly vexed by plaintiff’s exhibition of impatience. After an acrimonious dispute, the parties undoubtedly engaged in a scuffle, in the course of which defendant’s shirt was torn off, and plaintiff’s eye was injured, either accidentally or intentionally.
 

 The parties litigant have lived together as husband and wife for more than fifteen years, during which period they have brought into the world two fine children, and have accumulated considerable property. So far as the record discloses, up to the time of the unfortunate occurrence to which we have referred, their domestic life had been free from discord. Therefore, if it be conceded that the defendant, provoked by his wife, lost his temper, and was guilty of some slight physical violence towards her, the question then is, Was defendant’s act such cruel and outrageous treatment as to render their living together insupportable? We do not think so. A solitary instance of ill treatment of the wife, who is herself not free from fault, during a long cohabitation, does not authorize a judgment of separation from bed and board in her favor. Fleytas v. Pigneguy, 9 La. 419; Primeaux v. Comeaux, 139 La. 549, 71 So. 845.
 

 The case of Veal v. Veal, 140 La. 879, 74 So. 181 cited and relied on by plaintiff, is not appropriate to the facts as disclosed by the record in the ease at hand. In the cited case, the court found that the husband’s conduct towards his wife had made her life very unhappy, and that the assault which he committed upon her on a particular occasion was the culmination of the ill treatment on his part that rendered her living with him intolerable.
 

 For the reasons assigned, the judgment appealed from is affirmed.