ROGERS, Justice.
 

 Plaintiff sued his wife for a separation from bed and board, alleging abandonment. The summons to return to the matrimonial domicile prescribed by Act No. 73 of 1932 was issued, served on the defendant, and return made thereon. Defendant answered the petition, denying the alleged abandonment and demanding in re-convention a judgment of separation from bed and board, on the ground of cruelty. In the alternative, defendant prayed for a judgment of absolute divorce, on the ground of adultery. After trial on the merits, the case was submitted on the reciprocal demands of the parties for a separation from bed and board; the alternative plea for an absolute divorce having been abandoned by the defendant. The trial judge, concluding from the evidence that neither party was entitled to the relief sought, dismissed plaintiff's suit and rejected defendant’s reconventipnal demand. Both parties appealed from the judgment.
 

 The parties were married on December 25, 1931. They lived for about three months with plaintiff’s parents in the city of New Iberia, when they removed to Avery Island. On March 14, 1934, they became separated. No children were born of the marriage.
 

 The defendant, suing in reconvention for a separation from bed and board, represents in her demand that notwithstanding her faithful and dutiful conduct, her husband immediately after their marriage neglected and treated her with cold indifference; that he continually cursed her and told her that he did not love her and asked her why she did not leave and live elsewhere; that he sometimes pushed or shoved her in fits of rage and temper with which ‘he was often seized; that for a period of six or seven months before March 14, 1934, she was painfully ill, during which time her husband treated her cruelly and brutally. She alleges that on March 14, 1934 her husband told her to “get off the island,” and that he took her to her father’s house in New Iberia, where he left and abandoned her. She further alleges that on the night of October 25, 1934, while she was seated in an automobile on the main street of New Iberia, her husband applied an abusive epithet to Her,
 
 *925
 
 forcefully slapped her several times, grabbed her by the arm, and endeavored to remove her from the automobile by force, all in the presence of several persons standing on the street and passers-by, hurting her severely and greatly humiliating her.
 

 If the evidence adduced by the reconvener in support of her allegations of her husband’s cruel treatment was as strong as the allegations themselves, she would be entitled to relief. But the evidence in that respect is extremely weak and wholly unconvincing.
 

 Defendant’s testimony alone supports her charge that plaintiff continually cursed and abused her. Her testimony is contradicted by the testimony of the plaintiff. However, the testimony of both parties leaves no room for doubt that they frequently engaged in quarrels and disagreements more or less of a trivial nature for which defendant was largely at fault. The parties’ first quarrel, which appears to be typical of their disputes, took place about three weeks after their marriage. Defendant desired to go to a dance and over the telephone expressed her desire to plaintiff, who was at his place of employment. Plaintiff promised to take defendant to the dance, but on his return home at the close of his day’s work felt too tired to redeem his promise and so informed defendant. This provoked defendant’s anger and brought on a quarrel between her and plaintiff. The subsequent disputes between the parties were caused mainly because of defendant’s resentment at the devotion exhibited by plaintiff to his business interests and because of defendant’s insistence, over plaintiff’s objection, to drive alone in their automobile after nightfall from New Iberia to their home on Avery Island, which she frequently did.
 

 The record shows that when the parties moved to Avery Island they were provided with a house, which was adequately arid comfortably furnished by plaintiff. Among the furnishings were a radio and a frigidaire. The necessary domestic help was employed to assist defendant in operating the home. Plaintiff also provided defendant with an automobile. Defendant was well clothed and was given an adequate allowance for spending money.
 

 Plaintiff is the manager of the store on Avery Island and also assists in operating the island post office. His earnings from both employments are approximately $135 a month. Plaintiff’s duties require him to work from 6 o’clock each morning until 6 o’clock each evening during the winter months, and until 7 o’clock in the evening during the summer months. Occasionally he is delayed at the store to attend to the wants of patrons who come in just before closing time. He is also frequently required to return to the store at night for the purpose of working on his books. From time to time he attends the safety meetings of the island employees which are held at the Bradford Club. Attendance at these meetings is compulsory on all the island employees. The Bradford Club is situated approximately 150 feet, and the island store is situated approximately 200 feet, from the home of the parties.
 

 Defendant is apparently of a gay, pleasure-loving disposition. She likes to dance,
 
 *927
 
 attend picture shows, and participate in social functions. Notwithstanding the exacting nature of his business, plaintiff occasionally accompanied defendant to a picture show or social gathering. During the two years the parties lived together, plaintiff attended only three social gatherings unaccompanied by defendant. All these gatherings were composed exclusively of the male employees of Avery Island. And on each occasion plaintiff’s whereabouts was known to defendant. But defendant was not satisfied with this. She insisted upon plaintiff taking her out more frequently and upon his devoting his evenings to her, which it was impossible for him to do without seriously neglecting his business, upon which they were dependent for a livelihood. Defendant was well informed as to the conditions under which plaintiff was working, but she refused or neglected to recognize them.
 

 Defendant’s complaint that plaintiff was indifferent tq her is not borne out by the record. Our reading of the record satisfies us that the reverse is true; that plaintiff loves his wife, but that she has ceased to care for him. Nor do we find any substantial basis for defendant’s charge that plaintiff treated her cruelly while she was ill. The charge is supported by defendant’s testimony alone. It is not corroborated by anything in the record, and is denied by the plaintiff. During her illness, defendant was furnished at plaintiff’s expense with adequate medical, nursing, and hospital care.
 

 Defendant’s complaint that on March 14, 1934, plaintiff ordered her off the island and took her to her parents’ home in New Iberia, where he abandoned her, is unfounded. On the contrary, the record shows that at that time defendant abandoned plaintiff.
 

 The act of plaintiff, which is mainly relied on by defendant, occurred on the night of October 25, 1934, which was about four and one-half months after the suit was brought and four days before defendant filed her answer and reconventional demand.
 

 The record indicates that prior to plaintiff’s act of which defendant particularly complains, plaintiff had made several unsuccessful attempts to contact his wife with a view of having her return to the matrimonial domicile. On the night of October 25, 1934, which was about seven months after defendant had left the matrimonial domicile, the parties met accidently on the main street of New Iberia.' Defendant at the time was in an automobile in company with one of her young lady friends. Plaintiff attempted to argue defendant into returning to the matrimonial domicile, but his argument was unavailing. Defendant refused to comply with plaintiff’s request. She declared that she did not like Avery Island and- would not live there any more. When plaintiff assured her that he would provide a home in New Iberia, she persisted in her refusal to live with plaintiff, declaring that she did not love him and that he was not good enough for her. Thereupon, plaintiff lost his temper, applied an abusive epithet to defendant, grasped her by the arm, and slapped her in the face.
 

 
 *929
 
 It cannot be said that plaintiff was free from fault on that occa'sion. On the other hand, defendant herself was not free from blame. It was her attitude and remarks that provoked plaintiff’s regrettable act. The incident itself cannot be separated from the other facts of the case. Almost from the beginning of their matrimonial relation the defendant’s conduct has been unfortunately such as was calculated to exasperate the plaintiff.
 

 The jurisprudence is well settled that in such cases, the party complaining is not entitled to a separation from bed and board. Among the later cases so holding are the following, viz.: Ducros v. Ducros, 156 La. 1033, 101 So. 407; Snell v. Aucoin, 158 La. 767, 104 So. 709; Armstrong v. Whalen, 161 La. 613, 614, 109 So. 140; Romero v. Dautrielle, 163 La. 597, 112 So. 498; McKoin v. McKoin, 168 La. 32, 121 So. 182; Weiser v. Weiser, 168 La. 847, 123 So. 595.
 

 Thus, in Ducros v. Ducros, it was held that husband’s neglect of his wife and his failure to give her more of his society, where due to the demands of his business, and husband’s shoving wife, against his desk, bruising her arm slightly, in a quarrel which she provoked, were not acts of cruelty entitling the wife to a separation from bed and board.
 

 In Snell v. Aucoin, the plaintiff wife was refused a separation from bed and board, the evidence showing that although she had received ill treatment from her husband, she had behaved outrageously to him.
 

 In Armstrong v. Whalen, the demand of the wife for a separation from bed and board was rejected, the court holding that the quarrels occurring between the parties were not such as to constitute cruel treatment within the meaning of the statute.
 

 In Romero v. Dautrielle, the plaintiff husband was denied a separation from bed and board, the parties being guilty of reciprocal wrongs and only a solitary instance of ill treatment being shown.
 

 In McKoin v. McKoin, the parties were held not entitled to relief, in the husband’s suit for separation from bed and board, under conflicting evidence of mutual misconduct of the parties towards each other under the wife’s claim that -her husband abused and ill treated her despite her ill health, and the husband’s claim that his wife used defamatory language and was cruel to their children. The epithet applied by defendant to plaintiff in that case was clearly more abusive than the epithet addressed by plaintiff to the defendant in this case. But the court, citing Dunn v. Bruat, 155 La. 376, 99 So. 296, found that the epithet was meaningless and nothing more than disgusting and senseless abuse.
 

 In Weiser v. Weiser, it was held that a solitary instance of ill treatment of the wife, who is herself not free from fault, does not authorize a judgment of, separation from bed and board in her favor.
 

 Our conclusion is that the trial judge properly rejected defendant’s demand for a separation from bed and board on the ground of cruel treatment, but that
 
 *931
 
 he erred in rejecting plaintiff’s demand for like relief on the ground of abandonment.
 

 The evidence shows that in the early part of December, 1933, defendant left the matrimonial domicile. After an absence of two days, during which she was at her parent’s home im New Iberia, she returned to Avery Island, where she was received by plaintiff without comment or complaint.
 

 On March 14, 1934, just before noon, defendant called at the store where plaintiff was employed and asked for the key of their automobile, stating that she was going to her mother’s home in New Iberia. Defendant was quite sick that morning, and plaintiff told her she was too sick to drive the car and that she should go back home and go to bed. At noon, when plaintiff went home to dinner, defendant persisted in her demand for the key of the automobile. Plaintiff finally promised to take her to New Iberia right after dinner. As he was going out of the front door, defendant addressed some remarks to plaintiff, which irritated him. He did not return home until nighttime, when he found defendant dressed, with her weekend bag packed, and insisting on going to New Iberia. Plaintiff then acceded to defendant’s request and drove her to her parents’ home in New Iberia, where he left her. On leaving Avery Island, defendant informed her negro servant that she could leave, and that if she needed her again she would send for her. Defendant never returned to the matrimonial domicile on the island.
 

 The evidence satisfies us that defendant left Avery Island with the intention of abandoning her home there. Plaintiff filed his suit for abandonment on June 7, 1934. The thirty days’ summons to return to the matrimonial domicile prescribed by Act No. 73 of 1932 was served personally on the defendant on the day the suit was filed, namely, June 7, 1934. Plaintiff made no attempt after the expiration of the thirty days’ delay to obtain a judgment ordering defendant to comply with the demand contained in the summons. On the contrary, he appears to have directed his efforts towards getting defendant to return to the matrimonial domicile. Plaintiff’s efforts in that direction culminated in the incident of October 25, 1934, on which we have hereinabove commented. Four days thereafter defendant filed her answer and re-conventional demand and the case was duly tried on the issue as made up by the pleadings of the parties.
 

 Since we have found that plaintiff did not eject defendant from their common domicile, but that defendant herself without just cause willfully left and remained away from that domicile in defiance of a lawful summons and plaintiff’s requests to return, defendant’s conduct constitutes an act of desertion on her part.
 

 There is no law to compel an unwilling wife to live with her husband. All that the law does is to denounce the refusal of a wife to live with her husband as an abandonment, and to allow as the only remedy therefor a separation ■ from bed and board. Civ.Code, art. 138, subd. 5; art. 143.
 

 
 *933
 
 Plaintiff has invoked the remedy prescribed by law, and, as we find that he is entitled to the relief sought, we are compelled to enforce it
 

 For the reasons assigned, the judgment appealed from is annulled so far as it dismisses plaintiff’s suit; and it is now ordered that there be judgment of separation from bed and board in favor of plaintiff Junius Paul Armentor, and against defendant, Edna Gondron Armentor, his wife. In all other respects the judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent