ELLIS, Judge.
The parties were married September 22, 1962 and separated February 4, 1963. This suit for separation on the ground of abandonment was brought by the husband against his wife on February 12, 1963. The *404 ■defendant answered the suit denying she Rad abandoned the plaintiff and, in recon-vention, seeks a separation on the grounds •of excesses and cruel treatment, and intentional non-support.
The trial court awarded judgment in ■favor of the plaintiff and against the defendant, granting a separation from bed and board and from that adverse judgment the defendant has appealed.
The testimony on the trial of the case revealed this had never been a happy or ^successful marriage. The plaintiff testified the principal source of discord was the •fact the defendant would not keep a clean ‘house, refused to cook for him and had -threatened on numerous occasions to leave. The defendant testified her hus‘band struck her on several occasions, and •specifically that he struck her on February •4, 1963.
Considering the reconventional demand for a separation on the ground of excesses .and cruel treatment, we note the plaintiff’s 'brief contains the following summary of -the trial judge’s findings:
“The findings of the Court, thus, are that up to the time of the separation, .neither party would have been entitled to separation from bed and board on grounds of excesses or cruel treatment. In a sense, they were even.”
We believe this statement is a fair con..clusion to be drawn from the evidence. 'The wife succeeded in proving that on ■several occasions her husband had become violent and struck her and on February 4, 1963 he had treated her roughly and possibly struck her. The husband, however, -managed to establish his wife was a poor ‘housekeeper and their quarrels were usually •provoked by the wife, resulting from her •unwillingness to shoulder her responsibili- • ties.
Therefore, it is the opinion of this . court that the defendant is not entitled to a separation on the ground of excesses and .cruel treatment, having provoked her husband into such act. Armentor v. Gondron, 184 La. 922, 168 So. 102.
Nor is the defendant’s contention that the plaintiff intentionally refused to support her established by the evidence. Rather, the defendant’s own testimony established the plaintiff did provide the defendant with sufficient food, clothing and shelter, and with a charge account. Therefore, the defendant is not entitled to a separation from bed and board on the ground of intentional nonsupport.
As to the main demand of the plaintiff, there is no doubt that the defendant left the matrimonial domicile on February 4, 1963 during the hours when her husband was at work, but only after a rather violent altercation with her husband. Plaintiff’s aunt, Mrs. Joseph Pitre, drove to the matrimonial domicile at the request of both parties in order to provide transportation for the defendant to leave her husband.
Mrs. Pitre testified that on the day of the separation, the plaintiff came to her house looking for the defendant’s mother to have her come for the defendant and remove her from the matrimonial domicile. Plaintiff stated on that occasion he did not want his wife any more, that he had told her so, that he had hit his wife during an argument and that the plaintiff’s mother had intervened to stop the fight. Plaintiff’s mother did not testify, although the plaintiff’s grandmother did testify in French and denied the plaintiff actually struck the defendant. Later, according to defendant’s own testimony, she called her aunt, Mrs. Pitre, who came to take the defendant away.
We find, therefore, that while the defendant unquestionably left the matrimonial domicile, she had good cause to do so. Accordingly, under the holding in Spansenberg v. Carter, 151 La. 1038, 92 So. 673, the plaintiff is not entitled to a separation on the grounds of abandonment, she having adequate provocation to leave. The separation appears to have been volun *405 •tary on the part of both parties, although subsequent to the February 4th separation the wife tried several times to communicate “by phone with her husband for the purpose of a reconciliation but he refused to •communicate by phone or otherwise with Tier. Thus, regardless of who actually left, the fact is that each abandoned the other .and was equally to blame for the separation. “Under the particular facts of this case, as •evidenced by the brief record, neither party is entitled to a separation from bed and "board, neither having made out a case .■sufficient to sustain such a judgment.
The judgment of the trial court in favor of the plaintiff husband and against the ■defendant wife granting a separation from "bed and board is reversed and judgment is rendered herein dismissing plaintiff’s suit •for a separation from bed and board. The judgment of the lower court dismissing defendant’s reconventional demands for a separation from bed and board is affirmed. The costs of these proceedings are to be paid by plaintiff.
Reversed in part and affirmed in part.