ELLIS, Judge.
Before this court is a suit for separation on the ground of abandonment filed by the wife against her husband. The abandonment is alleged to have occurred December 1, 1963, without lawful cause or adequate provocation. On that date the husband did leave the matrimonial domicile in East Baton Rouge Parish. The plaintiff also asks for custody of the three minor children and for support.
The husband’s answer alleged that the actual abandonment is insufficient legal ground to support a judgment of separation in the wife’s favor because he had lawful and just cause to leave the matrimonial domicile. The answer contains a reconven-tional demand for separation on the ground of cruel treatment by the wife against the husband.
The evidence is undisputed that the parties separated December 1, 1963, and have not reconciled since that time. The fact of abandonment having been established, the burden of proof shifts to the abandoning party to prove that it was done with lawful cause or adequate provocation. Armentor v. Gondron, 184 La. 922, 168 So. 102.
The trial judge granted plaintiff a separation on the ground of abandonment, dismissed defendant’s reconventional demand, awarded custody of the children to the wife and fixed the amount of support. Defendant appealed but has evidently abandoned further argument as to the custody or support portions of the judgment of the lower court as they are not argued here.
The oral reasons for judgment below contain the following language:
“We believe that for the past two years * * * there has existed between the parties a certain state of incompatibility and we cannot by virtue of the evidence presented here today determine whether one was more at fault. We do not find any evidence corroborated to any extent that would justify our finding that the husband did in fact leave home December 1, 1963, as a result of justifiable cruelty on the part of the wife.
******
“We believe that this is a case of incompatibility and it being a case of incompatibility the one leaving the matrimonial home is cast in judgment on the grounds of abondonment.
******
“We listened to the plaintiff and we thought her testimony was extremely creditable. We listened to the defendant and we likewise thought his testimony to be creditable. Therefore, we do not hold * * * which of these two happen to be more at fault.”
We believe that the quoted portions of the opinion of the lower court are a fair statement of the evidence in the record. For several years this union had been in jeopardy. On a number of occasions during that time the wife could have successfully maintained a suit for separation on the ground of cruel treatment or defended a suit against her had she chosen to leave. Likewise, on a number of other occasions the husband could have successfully maintained a suit for separation on the ground of cruel treatment or defended a suit against him had he chosen to leave.
Appellant relies on the case of Breaux v. Breaux, La.App., 161 So.2d 403, which contains the following language at pages 404— 405 :
“The separation appears to have been voluntary on the part of both parties, * * * Thus, regardless of who actually left, the fact is that each abandoned the other and was equally the blame for the separation. Under the particular facts of this case, as evidenced by the brief record, neither party is entitled to a separation from bed and board, neither having made out a case sufficient to sustain such a judgment.”
*8 The facts and circumstances in the case now before us disclose that both parties are mutually and equally to blame and neither is entitled to a judgment of separation. The efforts of the wife toward reconciliation came too late.
Accordingly, the judgment of the District Court is reversed, set aside and annulled and judgment is hereby rendered dismissing plaintiff’s suit at her costs.
Reversed.