HARDY, Judge.
Plaintiff wife instituted this action for a separation, custody of the minor children of the marriage with defendant and other pertinent relief, and she appeals from judgment in favor of defendant rejecting her demands.
The principal basis for plaintiff’s action was presented by her allegation that defendant husband had abandoned the matrimonial domicile. This allegation was denied in defendant’s answer, which asserted a recon-ventional claim for separation on the grounds of cruel treatment and abandonment.
On trial of the case the only witnesses were plaintiff wife and her mother. Defendant did not testify nor present any witnesses.
The actual circumstances of the alleged abandonment by defendant were summarized in plaintiff’s testimony as follows:
“Well, he told me he didn’t love me any more, and he wanted to move out. So he left on Friday morning, December 10th, [1965] went to work, and came home that night and I had his clothes packed and ready for him to go. He came in and picked them up and walked out and he hasn’t been back since.”
The testimony of plaintiff’s mother added nothing of value with respect to the actual facts and circumstances.
The district judge commented that the only effect of the testimony of the witnesses presented on trial was to establish separation of the parties but that it failed to prove abandonment. Specifically the district judge concluded:
“Abandonment has not been proved. Separation will not be granted on the mere fact that the parties by agreement separated.”
In brief before this court counsel for plaintiff relies upon the holdings of the Supreme Court in Armentor v. Gondron, 184 La. 922,168 So. 102, and Latham v. Latham, 216 La. 791, 44 So.2d 870. This court carefully considered the requirements justifying the judgment of separation on the ground of abandonment in Mason v. Mason *646 (2nd Cir., 1963), 155 So.2d 216, in which the facts were similar to those involved in the case before us. In the cited case the court commented upon the necessity for proof by a preponderance of the evidence and reiterated the pronouncement that the mere un-contradicted testimony of one spouse is not sufficient.
We are completely in accord with the conclusion of the district judge as to the insufficiency of plaintiff’s proof. For this reason, as was observed in the Mason case, the pronouncements in the Armentor and Latham cases are not applicable.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.