## No. 7933.

### HUGH DASPIT vs. LOUISE EHRINGER.

In a suit for a divorce, the testimony of both husband and wife is inadmissible, and consent cannot render its admission legal.

Defendant in the suit for a divorce, based upon a judgment of separation from bed and board, may plead the nullity of that judgment, instead of appealing therefrom or attacking it in a direct action of nullity.

Sec. 138, Rev. Sta., was not repealed by Act No. 76 of 1870.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

Cotton & Levy for Plaintiff and Appellee.

First—Suit for a final divorce upon a judgment of separation from bed and board, will be maintained where it is shown that there has been no reconciliation since date of judgment, and one year has expired from date of rendition, nor is it necessary to aver or prove an effort for reconciliation.

Second—Art. 138 C. C. is not repealed by Sec. 2, of Act No. 122, of 1877. On the contrary, Sec. 1 of the Act expressly recognizes its existence and enforces its provisions, except so far as amended.

Third—A judgment rendered upon pleadings and evidence against the defendant, will not be opened upon the allegation that it was a con-

sent judgment, where the party did not appeal nor bring an action. to annul, though having full knowledge of its rendition for eighteen months.

Fourth—Ruling of judge *a quo*, excluding testimony, was correct.

W. S. Benedict for Defendant and Appellant.

First—Where a consent judgment of separation from bed and board is urged as the basis for an action, it can, as between husband and wife, be enquired into.

Second—The evidence of the husband, as the only witness to establish no reconciliation was had by him with his wife, is insufficient, as the law obliges him to make an effort toward a reconciliation with her.

Third—Evidence is admissible to prove the wife attempted a reconciliation with her husband.

Fourth—There has been no law since Act No. 122 of 1877, to authorize a separation from bed and board between husband and wife.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for a *divorce*, based on a judgment of separation *à mensâ et thoro*, the lapse of one year since its rendition and the absence of reconciliation.

The defendant excepted, that the petition disclosed no cause of action, in this, that it does not set forth, that the plaintiff ever attempted to effect a reconciliation.

The exception being overruled, the defendant pleaded the general issue and charged specially *the invalidity* of the judgment of separation.

On the trial, the plaintiff and the defendant were heard as witnesses. the former *without*, the latter *notwithstanding*, objection ; to the overruling of which a bill was reserved.

The defendant offered to introduce evidence to show the invalidity of the judgment of separation, but, upon objection, she was not allowed to do so, and a bill was retained to the refusal.

I. The exception of no cause of action was properly overruled. It is not necessary that, in a suit of this description, the plaintiff, who obtained the judgment of separation, should allege that he has made advances for a reconciliation to his consort, who, by the judgment of separation, was found to have committed some reprehensible act. It was for the defendant to make an overture had she thought one proper under the circumstances.

### ON THE MERITS.

II. The evidence of both plaintiff and defendant, who were *then* husband and wife, R. C. C. 136, was reprobated by law and inadmissible.

Consent could not have legalized its reception. 32 A. 643 ; 11 A. 628 ; R. C. C. 2281, 136.

III.   No other evidence having been introduced to show absence of reconciliation, the plaintiff should have been non-suited.   On the strength of her answer, the defendant offered to prove the *invalidity* of the judgment of separation from bed and board, but the court refused the evidence, on the ground that the attack could be made only by appeal or suit in nullity.

This is perfectly true, on general principle ; but in a case like this, which necessarily *first* rests upon the existence of a *valid* judgment of separation from bed and board, the validity or invalidity of such judgment was of vital importance.   Upon the charge made in the answer, it was directly at issue and could have been inquired into in the absence of a *formal* suit in nullity, as the answer, couched as it is, may be considered as partaking of the nature of a reconventional demand, justifying the inquiry and an adjudication upon it.   The charges preferred are grave.   Judgments of separation from bed and board should be rendered neither upon the *real* nor upon the *forced apparent* consent of parties. 3 A. 328 ; 16 L. 26.   Pothier Cont. de Mar., vol. 2, Nos. 517, 518.   Fenet, Discours et Motifs, v. 9, 248 *et seq.*

The defendant, having charged that the judgment was vulnerable and susceptible of annulment, should have been permitted to offer evidence in support of her allegation, although the plaintiff failed to substantiate his averments.   The appellant had a clear right to be heard on the issue of nullity, which, if decided in her favor, would be destructive of plaintiff's present action.   It was unnecessary for her to ask the nullity of the judgment in a different suit, which, on the trial of this case, could have been cumulated with it.   The law does not favor a circuity of actions.   What she could have done in a distinct suit, she could do in the present one, and in the manner that she has done.   11 A. 510, 287 ; 13 A. 343 ; 28 A. 815 ; 5 A. 208 ; 12 A. 197 ; 21 A. 329 ; 7 M. 490, 567 ; 14 L. 58 ; 2 A. 494.

IV.   The theory of the defendant, that the judgment is a nullity because rendered in a case brought at a time when there was no law in force authorizing separations from bed and board, is not founded.

Although at first glance it may seem that article 138, R. C. C. was apparently repealed by Act 76 of 1870, the object of which was expressly to amend and re-enact it, so as to read in the language which the act contains, still such is not the fact, for the double reason : 1st, that its provisions were virtually incorporated in the substituted article, which, by enlargement, is made the more comprehensive, as it embraces within its elastic compass cases not previously enumerated ; and, 2d, that the following article, 139, which the act did not purport

to touch, embodies and retains, in full vigor and vitality, by express mention, as a component part of itself, article 138 such as it stood before it was in the least modified by the act of 1870.

For these reasons, it is ordered, adjudged and decreed that the judgment appealed from be reversed, and that the case be referred to the Civil District Court for the Parish of Orleans, which has superseded the court *a qua*, there to be further proceeded with according to the views herein expressed and according to law ; the plaintiff and appellee to pay costs of both courts from the filing of the answer.