(61 South. 764.)

No. 19,233.

O'ROURKE v. LAWRENCE.

(April 14, 1913.)

*(Syllabus by the Court.)*

1. DIVORCE (§ 167\*)—JUDGMENT—SUIT TO VACATE—PRESCRIPTION—SEPARATION FROM BED AND BOARD.

    A petition, which alleges that a judgment of separation from bed and board was procured by the husband against the wife by gross fraud, and prays for the nullity of the judgment, shows a cause of action, even though the attack is made on the judgment more than a year after its rendition. The attack was made within the year after the knowledge came to defendant. The Daspit Case, 32 La. Ann. 1174.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–548; Dec. Dig. § 167.\*]

2. DIVORCE (§ 167\*) — DECREE — FRAUD—SUIT TO SET ASIDE.

    A suit by the wife to have a judgment of separation from bed and board set aside, on the ground that it was procured by fraud, is an action in nullity of judgment, but one which has unusual features; and the suit should not be dismissed on an exception of no cause of action, but the wife ought to be allowed to prove her allegations of fraud.

    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–548; Dec. Dig. § 167.\*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mary Alice Lawrence against George L. O'Rourke, her husband. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Harold A. Moise, of New Orleans, for appellant. John E. Fleury, of New Orleans, for appellee.

BREAUX, C. J. Plaintiff, O'Rourke, after 28 years of married life with the defendant, his wife, instituted an action for a judgment of separation from bed and board, which was followed by him, a year after the judgment had been rendered against him in the proceedings for separation from bed and board, by a suit for a divorce, which plaintiff, Mrs. Mary Ellis Lawrence, in the present suit attacks for fraud and ill practices. Her complaint is that at the time of the filing of the suit. for a separation from bed and board she had been living with her husband since about seven years in the city of New Orleans, and that plaintiff in the present suit, George L. O'Rourke, her husband, abandoned her; that she did not abandon him, but. that he abandoned her, and that after the abandonment he sent for their son, and through him had her informed that the proceedings were taken to effect a separation of property, which separation had become a necessity, and that they were not directed at all to the dissolution of the marriage ties; that he further had her informed that if she opposed the proceedings he would not continue to send her the monthly allowance for her and her children's support; that she, having received that information, apprehended dire want, and thinking that the suit was only for a separation of property, and that no intention was entertained of having the marriage ties dissolved, ignorant of her rights and of the purpose of the suit, she did not object to the judgment by default, which was rendered.

The testimony shows that seven children were born of the marriage between plaintiff and defendant.

Defendant, George L. O'Rourke, filed an exception of no cause of action. It was maintained, and the suit dismissed.

The wife, plaintiff in the present suit, appeals.

The alleged negligence of the wife in not defending the suit and in permitting the three reiterated monthly summons to be served before judgment was rendered in accordance with the order of the court is the main ground of defense, together with the fact that three reiterated summons were served after a judgment had been rendered in accordance with the petition of plaintiff. A final default was entered upon these proceedings.

The default just referred to was entered on the 10th day of February, 1910, and signed on the 25th day of that month. This is the judgment attacked in the present suit. The suit was filed on March 20, 1911. It will be seen that over 12 months had elapsed from the date judgment was rendered to the date suit was filed to annul the judgment. This judgment of separation from bed and board is the basis upon which rests plaintiff's application for a divorce.

It is true, as alleged, Mrs. O'Rourke did not file an answer in the first suit. At the time it was called for confirmation of the default, due proof of defendant's absence, as alleged, was made, and, after having heard this testimony, the district court rendered the judgment now attacked as illegal and null for reasons before mentioned.

[1] Plaintiff in exception (defendant in the present suit) limits his contention to the insufficiency of allegation of a cause to annul the judgment of separation. The further contention is made that whatever grounds of attack defendant urges at this time was a matter of defense which should have been alleged by defendant in the first suit for a separation from bed and board; that it was entirely too late to attack the judgment in this suit on the ground alleged of fraud and ill practices.

That is generally true. Judgments should be timely attacked and reasonable diligence shown. Negligent delay to attack in time has been held repeatedly as fatal to the attack upon the judgment.

This case, however, presents special features, and for that reason it becomes necessary to determine whether it falls within the grasp of article 607 of the Code of Practice, on the ground that the cause of nullity is not absolutely limited to the causes specially mentioned in Act 607 of the Code of Practice; that other similar causes may be held sufficient in case of gross fraud and ill practice.

There is a cause of action, admitted as true, for the hearing of the exception. There is a charge of wrong committed—an imposition upon the weakness and credulity of the wife. She can be heard to introduce evidence to substantiate the charge.

[2] While it is true that the action is in nullity, it does not have all the features of the regular action in nullity. The judgment attacked is the basis of the demand for a divorce. She may prove that she has been imposed upon, deceived to an extent that she did not really stand in court as a defendant, as one at liberty to exercise her right. In a case of this nature we think it good practice to hear the testimony and not to finally dismiss the demand. We think that the allegations just at this time exclude the imputation ascribed by the husband to the plaintiff. We think that the issues are to be construed liberally to promote a trial on the merits. This view finds support in Daspit v. Ehringer, 32 La. Ann. 1174.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. It is ordered, adjudged, and decreed that the case be remanded and the cause reinstated and tried. The costs of appeal to be paid by appellee, and the costs of the lower court to await the final decision.