(64 South. 822.)

No. 19,914.

MILLER v. BEARB.

(March 2, 1914. Rehearing Denied March 30, 1914.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 427*)—VACATION—GROUNDS.

The insufficiency of the evidence is not a ground for annulling a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 805–807; Dec. Dig. § 427.*]

2. DIVORCE (§ 167*)—ACTION TO ANNUL JUDGMENT OF SEPARATION—BURDEN OF PROOF—HUSBAND AND WIFE.

Where a wife sues for the annulment of a judgment for separation from bed and board on the ground of abandonment, alleging fraud on the part of her husband, she must show that she was really prevented or dissuaded from returning home in answer to the legal summons, and it will not be sufficient for her to show that her return home was not marked by a cordial reception.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–548; Dec. Dig. § 167.*]

3. DIVORCE (§ 167*)—JUDGMENT OF SEPARATION—ACTION TO ANNUL—EXTENT OF INQUIRY.

In a suit to set aside a judgment of separation from bed and board on the ground that the conduct of the husband constituted fraud, the court will not inquire with the same degree of particularity as it would if it were merely reviewing the judgment granting the separation, especially in the instant case where the plaintiff failed to obey one of the summons sent her to return to her husband.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 533–548; Dec. Dig. § 167.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Cambell, Judge.

Suit by Mrs. Marcelite Miller, wife, against Arvillien Bearb, husband. From judgment for plaintiff, defendant appeals. Reversed.

Chappuis & Holt, of Crowley, for appellant. Medlenka & Bruner, of Crowley, for appellee.

BREAUX, C. J. This suit was brought to annul a judgment of separation rendered on the ground of abandonment of the matrimonial domicile by the wife.

The date of the marriage was June 15, 1911.

About three months after that date, the wife left the matrimonial domicile.

Her husband a few days thereafter brought suit against his wife for separation from bed and board on the ground of abandonment.

She returned, and the plaintiff husband discontinued his suit. She remained home only a short time. After she had left the second time, her husband brought another suit against her again on the ground of abandonment.

It was made to appear by three reiterated summons that she was notified to return to the matrimonial domicile. A judgment was rendered condemning her to return. Notification of this last judgment, dated March 12, 1912, was served on the wife from month to month, as required by article 145 of the Revised Civil Code.

In December of the same year, this suit was brought to annul this judgment on the ground of fraud and ill practices on the part of the plaintiff, Arvillien Bearb.

The further ground is stated, in substance, that Malina Bearb swore falsely; that she had not returned to the matrimonial domicile in order to assist her father in obtaining a judgment against her, although she knew that she had returned prior to the final judgment in the proceedings for a separation from bed and board.

She also alleged in the present suit to annul the judgment that she is an ignorant woman, and that at the time of the notice to return to the matrimonial domicile was served she was sick and unable to return to the matrimonial domicile, and that she had forwarded to the district court clerk a letter, which she copied in the petition.

The defendant denied the charges of fraud and ill practices, and averred that the proceedings were in due form and legal.

There was judgment rendered annulling the judgment of separation from bed and board, and defendant appealed.

[2; 3] It is urged by counsel for plaintiff that his client is ignorant, unable to read and write; that the defendant is a widower with several children.

The ignorance mentioned, unless it appears that it afforded to the husband the opportunity to impose upon his wife, can be of no avail in this suit; she understood the purpose of the summons served upon her; she wrote to the judge of the district a complaining letter about her husband; he promptly and properly advised her to consult an attorney. She alleged that she was physically unable at the time to return to the matrimonial domicile. The testimony in this respect does not lead to the inference that she was at all times ill and unable to return.

The gist of her defense is that she did return to her home, and that the manner of the reception by her husband compelled her to leave and stay away.

The testimony in this respect is conflicting. If this were the suit in which the judgment she seeks to have annulled was rendered, it would be incumbent upon us to review it in every particular with painstaking care; even as it is, we have carefully read it, and have not found such a condition as is charged in plaintiff's petition in this case.

The weight of the testimony did not show that she was compelled to leave the matrimonial domicile. The husband said to her that there was her home, pointing to the dwelling house. It is said that he was not as polite as he might have been on the occasion she sought to return. That may be; he is, we infer, a plain man, a fact well known to her prior to her marriage. He had half-grown children. They are also sometimes causes of differences between the father and stepmother. These and other facts should have been proven on the trial in the case which resulted in a judgment which she permitted her husband to obtain by default.

In all the differences that arose, it was never made to appear in this suit, or in the suit in which the judgment for separation by default was rendered, that the husband brought any practices to bear to obtain a judgment.

The charge is urged that the suit was not brought by him in good faith; that he did not wish her to return, although under the guise of judicial proceedings he wished to have it so appear; that she was invited to return.

That charge comes with poor grace after having permitted a judgment to be entered against her by default, after having neglected to prove facts of which she was as well aware before judgment as after, and which she now seeks to have taken as sufficient to annul the judgment.

The decisions cited by plaintiff are not determinative of this case. The facts are different. In one of these cases the plaintiff exerted his influence to prevent and thwart his wife from obtaining the judgment.

In O'Rourke v. Lawrence, 132 La. 710, 61 South. 764, on an exception of no cause of action, admitting the facts, the court remanded the cause to the merits. The facts alleged were sufficient to justify going to trial of the issues of fraud and ill practices. In this case cited the husband had expelled his wife from the matrimonial domicile, and afterward sued on the ground of abandonment.

The suit was not brought in good faith. Besides there is great difference as the issues were presented in the suit in which plaintiff sought the judgment.

[1] Again, as relates to the testimony, its insufficiency is not ground for annulling the judgment. Counsel for plaintiff concedes in his brief that insufficiency of testimony is not ground to annul the judgment, but relies upon the charge of fraud and ill practices.

We have not found that charge sustained by the testimony.

For reasons stated, the judgment is avoided, annulled, and reversed, and plaintiff's demand is rejected at her costs in both courts.

PROVOSTY, J., absent on account of illness, takes no part.