ST. PAUL, -J.
 

 • This is an appeal from a judgment refusing to confirm a default and dismissing plaintiff’s suit.
 

 Plaintiff sued defendant, his wife, for a
 
 *63
 
 separation from bed and board, on tbe ground that shortly after his return from a United States Veteran Hospital, where he had been undergoing treatment for nervous trouble, “petitioner’s said wife refused to live with him, informing him that she no longer cared for him, and that, if he (petitioner) returned to their marital domicile, she (his said wife) would leave it,” which conduct on the part of. his said wife, petitioner avers, constitutes “cruel treatment” such as to render their Living together insupportable.
 

 ' I.
 

 It is clear that, if we disregard the fact that plaintiff’s wife informed him that “she no longer eared for him,” we have here nothing else but a simple case of a wife abandoning her husband, for which the law indeed allows a separation from bed and board, but
 
 only
 
 after certain delays and after the issuance of certain summons and orders to return to the matrimonial domicile. R. C. C. arts. 143, 145. And no such delays, summons, and orders are shown in this case.
 

 II.
 

 On the other hand, if the fact that defendant informed plaintiff that she “no longer eared for him,” constitutes
 
 cruel treatment,
 
 such as to render their living together insupportable, then plaintiff is entitled to a separation without awaiting the delays and without the issuance of 'the summons and orders above mentioned. R. C. C. art. 138.
 

 For the evidence shows that defendant did inform plaintiff that she no longer cared for him.
 

 III.
 

 In Spansenberg v. Carter, 151 La. 1038, 1049, 92 So. 673, 677, this court said:
 

 “When a permanent change in the wife’s affections has taken place, without any fault or misconduct on the part of the husband, he has a lawful cause for leaving the matrimonial domicile, and his doing so cannot be construed as a technical abandonment of his-wife.''’
 

 And the opinion then continued thus:
 

 “For a wife to state to a husband that she has ceased to love him and that she demands her freedom, when said, not in a fit of temper, but as a fixed and deliberate conclusion, necessarily constitutes cruel treatment. Such statement to a husband who- is devoted to his wife is in itself the very refinement of cruelty.”
 

 It is upon this last expression that plaintiff herein pitches his whole cause of action.
 

 IV.
 

 In Ducros v. Ducros, 156 La. 1033, 101 So. 407, we had occasion to consider very carefully the whole opinion in the above-named case, and our conclusion was that 'the excerpt last quoted went beyond what was necessary for the decision of that case and was somewhat too broad for general application. We said:
 

 “In that case [Spansenberg v. Carter, 151 La. 1038, 92 So. 673] it appears that the wife deliberately, upon her return from a trip, informed h'er husband that she did not love him, and did not care to live with him any lo’nger. After having been so informed, and not knowing what else to do, the husband left the matrimonial domicile, and the wife then sued him for a separation from bed and board, on the ground of abandonment. The issue was whether, the husband had lawful cause to leave the matrimonial domicile, and the court very properly held that the statement made by the wife to the husband gave him such a cause and rejected the wife’s demand. The decision is authority on that point, but not on the point or to the extent for which plaintiff in this case cites- it [i. e. to the effect that for one spouse to inform the other deliberately that he or she no longer loves the other, constitutes
 
 cruel treatment
 
 within the meaning of R. C. C. art. 138].”
 

 V.
 

 It may be quite true that it would be a refined species of cruelty for one of the spouses. to flaunt in the face of the other spouse that he or she has lost' all affection for his or her consort.
 

 But that is not the question. The question is whether it is
 
 cruel ■ treatment
 
 within the
 
 *65
 
 meaning of R. C. C. art. 138. And the answer is that it cannot be, unless we are- ready to convict the legislator of imbecility in the framing of said article.
 

 For the clearest proof that one spouse has lost all affection for the other, and the broadest, and most deliberate publication that can be made of that fact, is for one spouse to abandon the other without just cause.
 

 And, if such manifest loss of affection and open declaration of the fact suffices to constitute
 
 cruel treatment
 
 such as to entitle the abandoned spouse to a separation without delay or formality, then it was perfectly idle for the legislator to provide for the long delays and reiterated summons and orders to return by which alone
 
 abandonment
 
 may be provided. For -it would always be unnecessary to prove
 
 abandonment
 
 in this roundabout way with direct proof of
 
 cruel treatment
 
 so readily available.
 

 Our conclusion in Ducros v. Ducros, supra, was that it is not
 
 cruel treatment
 
 within the meaning of R. C. C. art. 138, for one of the spouses to declare to the other that he or she no longer loves that other; and we adhere to that conclusion.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.