44 So.2d 870

LATHAM v. LATHAM (two cases).

Nos. 38675, 38676.

Feb. 13, 1950.

792

Love & Bailey, James T. Adams, Shreveport, for defendant-appellant.

Thompson, Thompson & Sparks, Monroe, for appellee.

PONDER, Justice.

These two cases are consolidated and treated as one because only one issue is involved, viz.: whether or not a judgment for separation should be annulled. This question was unsuccessfully raised in the first suit by way of answer to a demand for divorce on the ground that more than one year had elapsed and no reconciliation had taken place. The question was raised in the second suit by direct action to annul the judgment. In both instances the lower court rejected the demands to annul the judgment and the wife, who was unsuccessful in these suits, has appealed.

It appears from the pleadings and evidence in the suit for separation that the spouses acquired a home and established a matrimonial domicile at Monroe, Louisiana. After they had acquired the home and established the domicile, they became estranged and the wife refused to live with the husband. She ordered him to leave the matrimonial domicile and informed him that she would depart if he returned to it. The husband then moved to Vicksburg, Mississippi, and endeavored to persuade his wife to accompany him to that place. She refused to accompany him and to live with him. He had provided a place for her to live but when she refused to accompany him he secured accommodations at a hotel, where he is now residing.

All the proceedings in the separation suit are regular. The wife appeared and answered the suit and her attorney was present at the time of the trial but offered no evidence to contradict the testimony produced by her husband. A judgment of sep-

aration was granted to the husband and no appeal was taken from it. It was only after the filing of the suit for final divorce that the wife sought to attack the judgment of separation by way of answer to the divorce suit. The court refused to consider the collateral attack on the judgment after an objection had been made. A final divorce was granted and the wife appealed. The wife then brought a direct action to annul the judgment which was dismissed on exceptions of no right and no cause of action interposed on behalf of the husband. She has appealed from this judgment. The two suits are consolidated and treated as one.

Counsel for the appellant contends that the lower court was without jurisdiction ratione personae and ratione materiae to grant the separation from bed and board. His contention is based on the grounds that the husband had alleged in his petition that he was a resident of Vicksburg, Mississippi, and had secured an order from the lower court commanding the wife to return to the matrimonial domicile in a hotel in Vicksburg, Mississippi. The position is taken that the domicile of the husband is the domicile of the wife and that the husband having established a new matrimonial domicile at Vicksburg, Mississippi, that only the court of that place would have jurisdiction to entertain the cause.

The matrimonial domicile was established at Monroe. The husband attempted to establish a matrimonial domicile in Vicksburg but was unsuccessful because his wife would not accompany him to that place. Consequently, no new matrimonial domicile was established.

In Barrow v. Barrow, 160 La. 91, 106 So. 705, 706, this court said:

"It is true that 'a married woman has no other domicile than that of her husband.' R.C.C.Art. 39. But when a husband establishes a matrimonial domicile, and habitually resides there, with his wife, the matrimonial domicile becomes his and the wife's domicile for the purpose of suits for separation from bed and board, although he may have acquired a residence elsewhere, to be used by him or his family during occasional visits, or while looking after his business or planting interests."

The refusal of the wife to live with her husband and her refusal to live at the matrimonial domicile if her husband should return to it constitutes an abandonment on her part. Parrish v. Parrish, 164 La. 62, 113 So. 764; State v. Kay, 176 La. 294, 145 So. 544; Armentor v. Gondron, 184 La. 922, 168 So. 102. As was stated in the Armentor case, an unwilling wife cannot be compelled to live with her husband and all that the law does is to denounce the refusal of the wife to live with the husband as an abandonment and to allow a separation from bed and board on that ground.

The matrimonial domicile being situated at Monroe and the abandonment having taken place there the trial court had jurisdiction to entertain the suit. It is of

no moment that the husband subsequently moved to Vicksburg and endeavored to persuade his wife to accompany him there with the view of establishing a new domicile.

Counsel for the appellant contends that the judgment in the separation suit was obtained through fraud and ill practices.

The allegations in the petition that the judgment was obtained through fraud and ill practices are mere conclusions of the pleader. No facts are alleged upon which the conclusion can be based. The mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. In re Phoenix Building & Homestead Association, 203 La. 565, 14 So.2d 447.

The cases relied on by the appellant, Daspit v. Ehringer, 32 La.Ann. 1174 and O'Rourke v. Lawrence, 132 La. 710, 61 So. 764, involve entirely different factual situations. In the Daspit case the defendant excepted to the petition on the grounds that it disclosed no cause of action in that it did not set forth that the plaintiff ever attempted to effect a reconciliation. The lower court refused to permit the defendant to introduce evidence to this effect and this court held that the suit should have been nonsuited because the plaintiff failed to prove the averments set forth in the petition. In the O'Rourke case the wife was imposed upon and not represented in the separation proceedings. The husband led the wife to believe that the proceedings were taken to effect a separation of property which had become a necessity. The judgment in that case was taken by default. It is apparent that neither of these cases conflict with the views herein expressed.

For the reasons assigned, the judgments of the lower court in both of these cases are affirmed. All costs to be paid by appellant.