SAMUEL, Judge.
This is a suit by the wife (filed on July 30, 1957, and based on cruel treatment) for a separation from bed and board, the custody of a minor child and alimony. There was judgment in favor of the wife on all three points and the husband has appealed seeking a reversal of the judgment of separation and, in the alternative, a reduction in the alimony award.
The litigants had been married to each other for twenty-five years. Three children were born of the marriage. One is now emanicipated by marriage, another is deceased, and it is the third, a nine year old boy at the time of the filing of this petition, whose custody was granted to the mother.
The only allegation as to cruel treatment is contained in Art. 4 of the petition; which reads as follows:
“Petitioner further avers that her husband, the said Nathan Shapiro, has been guilty of cruel treatment so as to render their living together impossible; that he has stated that he desires that she leave the matrimonial domicile and that he no longer loves her, and in accordance therewith, on July 27, 1957, your petitioner left her home and her husband.”
Four witnesses testified in the trial of the case. One of these was a certified public accountant, whose testimony was limited to the property and income of the defend *304 ant, and the other three were the plaintiff, a Mrs. Emmanuel Lansberg, who testified on behalf of the plaintiff, and the defendant.
While it is apparent that plaintiff confused the separation involved in this suit with a prior separation upon which there had been a suit and a reconciliation, it is her testimony that some two months before she filed the petition her husband had told her in the presence of their daughter (the daughter did not testify) that he no longer loved her and that “he could not go on any more”. It is possible, but this is difficult to decide because of the witness’s nervousness, lack of responsive answers and persistence in confusing the two separations one with the other, that her testimony is also to the effect that her husband said he desired her to leave the house on the one occasion with which we are here concerned. A careful examination of the record reveals that, with one exception, the two statements upon which she relies as constituting cruel treatment were told to her by the husband on only one occasion. That one exception is found in the references by this witness to the same two statements made by her husband on an occasion prior to the first separation. Neither this first separation, nor any statement made by the defendant in connection therewith or prior thereto, were pleaded by the plaintiff. Defense counsel made timely objection on this ground when he was able to do so, but he was unable to object in every instance because the plaintiff’s testimony was not responsive to the questions asked. We feel that we must disregard these references to the occasion prior to the first separation. The plaintiff g-ave no testimony whatsoever, nor is there any in the record from any source, on the question of whether or not the statements complained of rendered insupportable her continued living together with her husband.
The plaintiff’s only other witness, Mrs. Lansberg, testified that the defendant told her that he had told his wife he no longer loved her and that she could leave if she wished. It is quite clear that this witness refers to the incident which occurred prior to the first separation and that her testimony was confined to only that one incident.
In his testimony the defendant denied that he had ever told his wife that he did not love her or desired that she leave the house.
The trial judge believed the testimony of the plaintiff and quite obviously disbelieved the denials of the defendant. We have no argument with this conclusion for the question of which witness to believe and which to disbelieve, being concerned as it was only with the credibility of the witnesses themselves, was clearly within his province and not ours. Therefore, we are here presented with the problem of whether or not one instance where the husband tells the wife he no longer loves her and desires that she leave (or that “he could not go on any more”) is sufficient to constitute cruel treatment and form the basis of a judgment of separation from bed and board.
It is clear that in order to justify a judgment of separation from bed and board the ill-treatment complained of must be of such a nature as to render continued living together insupportable. The law involved is contained in LSA-Civil Code, Art. 138, subd. 3, which reads as follows:
“Separation from bed and board may be claimed reciprocally for the following causes:
* í¡c iji * # sfi
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them towards the other, if such habitual intemperance, or such ill-treatment is of such a nature as to reiuler their living together insupportable-,” (italics ours).
While it is true that the number of instances involved is important only insofar as they effect the question of whether or not they render the living together insupportable, we are of the opinion that the one *305 instance here proved by the plaintiff is not sufficient to warrant a judgment in her favor.
A careful examination of the authorities cited on behalf of the plaintiff to support the proposition that a single instance of cruel treatment may justify a judgment of separation reveals factual situations different from the instant case, and none which is concerned with only one instance of cruel treatment similar to that involved here. A judicial separation is not lightly regarded in Louisiana. See “The Degree of Cruelty Necessary to Justify Separation from Bed and Board in Louisiana”, 16 La. Law Rev. 533.
Even a husband’s refusal to live with the wife, although under proper circumstances constituting abandonment for which the wife would be entitled to relief, is not sufficient cruel treatment so as to justify a separation from bed and board under LSA-Civil Code, Art. 138, subd. 3. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581.
In point are the two Supreme Court cases of Ducros v. Ducros, 156 La. 1033, 101 So. 407 and Parrish v. Parrish, 164 La. 62, 113 So. 764, particularly the latter.
In the Parrish case the wife refused to live with her husband and informed him that she no longer cared for him. The court denied a judgment to the husband on the grounds of cruel treatment. We can see no material difference between a wife’s refusal to live with her husband, accompanied by a statement to him that she no longer cared for him, the situation in the Parrish case, and a husband’s statement to his wife that he no longer loved her and desired that she leave, the instant case. Any actual difference between the two factual situations would seem to favor a judgment in the cited over the instant case. For to refuse to live with a person is more serious than to simply desire that the person leave and to no longer care is at least as serious and as extensive as is to no longer love. Parrish and Ducros therefore are binding on this court.
For the reasons assigned the judgment appealed from is reversed and it is ordered that there be judgment in favor of the defendant and against the plaintiff, rejecting the latter’s demand.
Reversed.