REGAN, Judge.
Plaintiff, Barbara Laster Schoen, filed this suit against her husband, Thomas J. Schoen, endeavoring to obtain a judgment of separation a mensa et thoro, custody of their three children, alimony and child support. Plaintiff asserted that the defendant abandoned her when he left the matrimonial domicile on April 24, 1970.
Defendant answered and admitted leaving their home; however, he explained that he was justified since his wife had requested that he leave many times before he finally departed.
From a judgment awarding plaintiff a separation a mensa et thoro, the defendant has appealed.
The facts are not disputed. After experiencing marital difficulties for several years, plaintiff and defendant mutually agreed that the defendant should leave home. After he departed he returned only to visit his children; however, he has not resided in the house since April 24, 1970. He has dated his estranged wife since their separation, but has repeatedly rejected her many requests that he return home.
On appeal the defendant argues that a separation by mutual consent cannot form the basis of an action for abandonment. He cites the following language from Mason v. Mason [1] to support this argument :
“There is no showing here that defendant withdrew himself from the common dwelling without a lawful cause albeit the record establishes, through plaintiff’s own testimony, that the separation was, as heretofore stated, in accord with an agreement between her and her husband. Obviously, such an agreement does not constitute an abandonment as would constitute a basis or ground for a judicial separation.”
Undoubtedly, defendant’s departure in April of 1970 is not sufficient of itself to support an action predicated on an abandonment. However, his continued refusal to return to the matrimonial domicile does constitute an abandonment. In Latham v. Latham,[2] the Supreme Court reasoned that a refusal by one spouse to live with the other is an abandonment. The organ for the Court stated that:
“The refusal of the wife to live with her husband and her refusal to live at the matrimonial domicile if her husband should return to it constitutes an abandonment on her part. Parrish v. Parrish, 164 La. 62, 113 So. 764; State v. Kay, 176 La. 294, 145 So. 544; Armentor v. Gondron, 184 La. 922, 168 So. 102. As was stated in the Armentor case, an unwilling wife cannot be compelled to live with her husband and all that the law does is to denounce the refusal of the wife to live with the husband as an abandonment and to allow a separation from bed and board on that ground.”
*628 Had defendant desired to nullify his wife’s suit based on abandonment he could have simply returned to the matrimonial domicile. This fact was pointed out by us in the case of Sciortino v. Sciortino,[3] wherein we reasoned that:
“Abandonment within the intendment of LSA-C.C. art. 138(5) does not exist merely by an act of withdrawal from the matrimonial domicile, but must be evidenced by the constant refusal to return. LSA-C.C. art. 143. Prior to Act 82 of-1958 this proof of abandonment, where no answer was filed, was required to be made by the issuance of summons to the abandoning spouse ordering him to return. If the spouse did return in response to the summons, there was no abandonment. The only change made by Act 82 of 1958 is that the summons to return is no longer required and proof of the abandonment is now made as in any other civil suit. The underlying principle and the reasons for this cause of separation from bed and board have not been changed. A timely return to the matrimonial domicile without summons would no less nullify the abandonment. The judgment based solely on the ground of abandonment cannot be sustained.”
Finally, defendant argues that the judgment of separation was improvidently rendered because plaintiff failed to prove her case by a preponderance of the evidence. Relying on language appearing in Ellois v. Ellois [4] to the effect that a statement by both spouses is insufficient to establish grounds for separation, counsel insists that in this case the litigants testimony that defendant departed on April 24, 1970 by mutual agreement does not support the judgment. He argues that the testimony of the neighbor, who appeared as a witness for plaintiff, simply establishes that the plaintiff has not resided in the matrimonial domicile since the date of his departure. We are not impressed by this argument. In the Ellois case, no independent witness appeared to corroborate the occurrence of the abandonment. In this case, the husband and wife both testified that the husband refused to return home and plaintiff's neighbor confirmed the fact that the defendant has not lived with his wife since April of 1970. We are convinced that no better evidence could be offered to support the husband’s refusal to reconcile than his own testimony under oath. In this connection it is of significance to note that the defendant chose not to reconvene for a separation and is simply endeavoring in this suit to be absolved from fault emanating from the separation.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. 155 So.2d 216 (La.App.1963).

. 216 La. 791, 44 So.2d 870 (1950).

. 188 So.2d 224 (1966).

. 145 So.2d 123 (La.App.1962).