492 So.2d 100 (1986)
In the Matter of the SUCCESSION OF Orange STEVENSON, Jr.
No. CA 85 0466.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Writ Denied October 10, 1986.
Harold Douglas, New Orleans, for plaintiff-appellee Leola Smith, (as she appears as executrix in the testament dated 12/19/77).
*101 Clifford H. Kern, Jr., New Orleans, for defendant-appellant Leola Smith (individually).
Joel B. Dickinson, Baton Rouge, for intervenor-appellee Lloyd Stevenson and Willie Stevenson.
Douglas N. Stracener, and Nealon Stracener, Baton Rouge, for defendant-appellee Mary V. Harrell, etc.
Before LOTTINGER, CRAIN and PONDER,[*] JJ.
PONDER, Judge.
In this succession proceeding, Leola W. Smith appeals a judgment holding she failed to file a timely filiation action. The issues are: (1) did the pleadings filed by appellant constitute a filiation action and, (2) if so, did she establish filiation to the decedent, Orange Stevenson, Jr.
Answering both inquiries in the affirmative, we reverse.

FACTS
Orange Stevenson, Jr., died on July 11, 1982. The present proceedings were instituted on August 16, 1982, upon appellant's filing a petition requesting appointment as provisional administratrix of the decedent's succession. Appellant alleged she was the daughter of Orange Stevenson and attached an affidavit of death and heirship signed by herself and Mary Harrell, a grandniece of decedent, stating that the decedent never adopted anyone and appellant, who was born out of wedlock, was his only child.
Subsequently, some of decedent's collateral relatives filed petitions of intervention denying appellant's claim to be the decedent's daughter and asserting they were his lawful heirs. A pretrial order prepared on behalf of two of these intervenors specifically indicated appellant's claim was to be a contested issue at trial. Upon commencement of trial, the parties again indicated that the issue before the court was whether appellant was the decedent's daughter. At the conclusion of trial the court rendered judgment dismissing appellant's claim on the basis she had not filed a timely filiation action. The judgment further held decedent's estate was to be inherited by the collateral relatives.

DISCUSSION
Civ.Code arts. 208 and 209, as amended by Act 720 of 1981, provide a procedure for proving the filiation of an illegitimate child. Under art. 209 a civil proceeding to establish a child's filiation must be filed within 19 years of the child's birth or within one year of the death of the alleged parent, whichever occurs first. However, Act 720 specifically provided a one year grace period, ending on September 11, 1982, during which any party whose right to bring a filiation action had otherwise expired might institute such proceedings.
Appellant was well past nineteen when Orange Stevenson died. However, the pleadings filed by her on August 16, 1982 clearly fell within the one year grace period. Accordingly, if these pleadings can be considered as constituting a filiation action, they will be timely.
Courts should construe pleadings in such a manner as to achieve substantial justice. La.Code of Civ.P. art. 865; Katz v. Katz, 412 So.2d 1291 (La.1982). In order to arrive at the truth and avoid miscarriages of justice, harsh, technical rules of pleading are not favored in Louisiana. La.Code Civ.P. art. 854; Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La. 1973). Courts must look beyond the style and caption of pleadings to determine their true nature. Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983). Recovery may be granted under any legal theory justified by the facts pled in the petition. Hughes v. Livingston Parish School Bd., 459 So.2d 10 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1250 (La.1985).
*102 Further, an action to establish filiation may be cumulated with an action asserting succession rights and need not be filed as an entirely separate suit. Succession of Grice, 462 So.2d 131 (La.1985); cert. dismissed, ___ U.S. ___, 105 S.Ct. 3517, 87 L.Ed.2d 646 (1985); Smith v. Stephens, 412 So.2d 570 (La.1982). All art. 209 requires is the filing of a civil proceeding asserting filiation. Reed v. Missouri Pacific R.R., 446 So.2d 831 (La.App. 2d Cir.1984).
We conclude the pleadings may be fairly construed as constituting a civil action to establish filiation, cumulated with a request to be appointed provisional administratrix. Appellant's contention in her affidavit of death and heirship that she was decedent's only child clearly put the parties on notice as to the nature of her claim. This is demonstrated by the fact that the only issue considered at trial on the merits was whether appellant was decedent's daughter. Accordingly, we reverse the trial court's finding that no timely filiation action was filed by appellant.
Since the entire record is before us, it is now incumbent upon this Court, in the interest of judicial economy, to evaluate the evidence to determine whether appellant met her burden of proof, rather than remanding this matter to the trial court. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). Even though the trial court felt compelled to dismiss appellant's claim as untimely, it concluded she had proven filiation to decedent. We agree with this conclusion.[1]
Appellant testified as follows. She was born in East Feliciana Parish but moved with her mother to New Orleans when she was two and one-half years old. Her mother's home in East Feliciana was located near that of Orange Stevenson, Jr. When appellant was approximately thirteen years old, her mother informed her that Orange Stevenson, Jr. (decedent) was her father. She first visited her alleged father in 1932 when she was eighteen, and thereafter continued to visit him four or five times a year until his death in 1982. They addressed one another as father and daughter.
Appellant's testimony was at least partially corroborated by the testimony of Lilly Green, a longtime friend who is distantly related to appellant. Ms. Green stated she visited Orange Stevenson with appellant on many occasions and always knew him as appellant's father.
Appellant's daughter, Linda Taylor, testified she knew decedent as her grandfather, and he referred to her as his granddaughter. She stated she knew Lloyd Stevenson, one of the intervenors, as her cousin.
Walter Stevenson (decedent's nephew), Mabel Stevenson (decedent's niece) and Mary Harrell (decedent's grandniece) each testified decedent told them personally that appellant was his daughter. Walter Stevenson further testified appellant was known as such within their entire family.
Appellant presented two letters written by decedent to her in 1958 and 1972 respectively, in which he signs himself as "Dad." In one of these letters he addresses appellant as "daughter." In 1978 decedent amended a mineral lease which he had previously executed to provide that all rentals due to him should be paid to appellant for his benefit. Appellant also introduced copies of two applications for burial insurance signed by decedent, which listed appellant as the policy beneficiary and indicated she was his daughter. Appellant was listed as such on the policies issued.
Further, the newspaper obituary and funeral program prepared by Mary Harrell upon decedent's death listed appellant as his daughter and Linda Taylor as his granddaughter. In addition, appellant assigned *103 the insurance policies and personally paid an additional $270.00 of decedent's funeral expenses.
The only evidence offered in opposition to appellant's claim was the testimony of intervenors, Lloyd Stevenson and Verla Stevenson Roberts. They testified they had never heard decedent claim appellant as his daughter. However, Lloyd Stevenson admitted he saw appellant visit decedent on five or six occasions.
The record convinces us of the correctness of the conclusion appellant was the decedent's daughter and had been informally acknowledged by him as such.
For the above reasons, the judgment dismissing appellant's claim and declaring decedent's collateral relatives as his heirs is reversed and appellant is hereby recognized as decedent's lawful heir. Costs of this appeal are assessed to appellees.
REVERSED AND RENDERED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] C.C. art. 209(B) (added by Act 720 of 1981), increased a plaintiff's burden of proof by requiring filiation as to an alleged deceased parent be proven by "clear and convincing evidence". The burden of proof previously required was a preponderance of the evidence. It is unnecessary to determine which burden of proof is applicable to the present case, since we conclude the evidence presented by plaintiff was sufficient to meet the standard of clear and convincing evidence.