JjMICHAEL E. KIRBY, Judge.
Jonathan Beason appeals a decision of the trial court granting summary judgment in favor of defendant/appellee Slidell 76 Auto Truck Plaza, Inc. (“Slidell 76”)
Mr. R.C. Bester was killed in a motor vehicle accident on April 27, 1993. Two days later, on April 29, 1993 Bester’s widow and two of his children (hereinafter collectively referred to as “Plaintiffs”) filed a “Petition and Temporary Restraining Order for Inspection and Preservation of the Vehicle.” Plaintiffs amended their lawsuit on March 2, 1994 to name various defendants and to allege damages for the wrongful death of Bester and to assert their own claims for survival damages. On March 23, 1994, plaintiffs again amended their petition, adding Slidell 76 as a defendant.
On March 16, 1994, Blanche Beason, tutrix for the minor child Jonathan Bea-son, (hereinafter collectively referred to as “intervenor”), filed a petition of intervention into the aforementioned proceeding. Therein, intervenor alleged that Bester was his biological father and he claimed damages stemming from Bester’s wrongful death.
| gDefendant/appellee, Slidell 76, propounded interrogatories to intervenor, requesting that he state whether Robert Bester had ever acknowledged him in ac *646 cordance with La. C.C.[1] art. 200 (legitimation by notarial act), La. C.C. art. 203 (methods of making acknowledgment; legal effect), or La. C.C. art. 209 (proof of filiation). In answer to those interrogatories, intervenor admitted that none of the above referenced means of proving parental filiation had occurred.
Slidell 76 brought a motion for summary judgment in February of 1999 alleging that because intervenor was never acknowledged as the child of R.C. Bester, and because intervenor had not instituted filiation proceedings to establish himself as the child of R.C. Bester within the time delays allowed by law, intervenor had no right of action to recover survivor damages as the result of the death of Bester, and Slidell 76 was entitled to judgment as a matter of law dismissing intervenor’s suit against it. Slidell 76 attached to its motion copies of the intervenor’s answers to its interrogatories, as well as a copy of inter-venor’s birth certificate, which listed “Oscar Beason” as the father of Jonathan Beason.
Intervenor opposed Slidell 76’s motion arguing that the petition of intervention he filed satisfied the requirements set forth in C.C. art. 209 for proof of filiation. Inter-venor further argued that because that intervention had been filed within one year of Bester’s death, his claim for filiation was timely and Slidell 76’s motion should be denied.
Following a hearing, the trial court granted Slidell 76’s motion for summary judgment on the basis that “Intervenor has failed to file his action for filiation 13within the one year of the death of decedent, R.C. Bester.” The trial court signed a judgment and reasons to that effect on May 10, 1999.
Intervenor filed a petition for appeal of the judgment on June 8, 1999. The trial court signed an order granting interve-nor’s request for a devolutive appeal on June 14,1999.[2]
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. The *647 procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B.
La. C.C. art. 209, entitled proof of filiation, provides, in pertinent part, as follows:
14B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.
The right of action noted above in art. 209(C) and found in La. C.C. arts. 2315.1 (survival action) and 2315.2 (wrongful death action) is afforded exclusively to the categories of survivors listed in those articles. The primary category under both articles includes the “child or children of the deceased” tort victim. The Civil Code defines “children” as including “those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law....” La. C.C. art. 3506(8). Thomas v. Sister of Charity of The Incarnate Word Shreveport, 97-1443, p. 4 (La.7/8/98), 713 So.2d 466, 468.
In his sole assignment of error, interve-nor asserts that the trial court erred in finding that his petition of intervention, filed on March 16, 1994, failed to meet the requirements of La. C.C. art. 209. More specifically, he asserts that his intervention set forth the factual allegation that R.C. Bester was his biological father. He argues that because Louisiana is a fact pleading state, the foregoing factual allegation was sufficient to satisfy the requirements of art. 209. Further, |Kbecause he filed the petition of intervention within one year of the death of R.C. Bester, interve-nor submits that his claim for filiation was timely, thus precluding the granting of summary judgment in favor of Slidell 76.
In opposition, Slidell 76 argues that in-tervenor’s mere allegation of paternity in his petition of intervention was insufficient to state a formal claim for filiation. It claims that intervenor’s statement that he is the natural son of the deceased, R.C. Bester, is a conclusion of law rather than a factual statement. Because the intervenor failed to plead sufficient facts to support his claim of paternity, Slidell 76 submits that the petition of intervention cannot be construed as constituting a claim for filiation. In the alternative, Slidell 76 submits that even if this court were to determine that intervenor did state a timely claim for filiation, intervenor has failed to produce evidence of his alleged filiation to R.C. Bester sufficient to meet the clear and convincing standard required by La. C.C. *648 art. 209. As a result, Slidell 76 argues that intervenor failed to prove that he had standing to intervene in the underlying suit to recover for the wrongful death of R.C. Bester, and therefore the trial court was correct in granting summary judgment dismissing intervenor from the suit.
In 1998, the Louisiana Supreme Court, in addressing a situation where several illegitimate children attempted to join a pending suit to recover wrongful death and survival damages arising from the death of their alleged father, stated:
In order to win this litigation, plaintiffs must prevail in two separate (although cumulated) actions. Plaintiffs must first prove their filiation to [the deceased] in order to qualify as “children” entitled to bring a survival and wrongful death action, and then must prove the fault, causation and damages elements of their tort action.
Thomas v. Sister of Charity of The Incarnate Word Shreveport, 97-1443 p. 3 (La.7/8/98), 713 So.2d 466, 467.
In support of his arguments, intervenor relies primarily on the First Circuit’s decision in Succession of Stevenson, 492 So.2d 100 (La.App. 1 Cir.1986). In that case, a woman who alleged that she was the daughter of the decedent filed a petition requesting that she be appointed the provisional administratrix of the decedent’s succession. The plaintiff attached to her petition an affidavit of death and heirship, which she and a grandniece of the decedent had signed, which stated that the decedent had never adopted anyone and that the appellant, who was born out of wedlock, was his only child. Some of the decedent’s collateral relatives filed petitions of intervention into the suit denying plaintiffs claim to be decedent’s daughter and asserting that they were his lawful heirs. Following a trial, the trial court rendered judgment dismissing the plaintiffs claim on the ground that she had not filed a timely filiation action and holding that the decedent’s estate was to be inherited by his collateral relatives. The appellate court reversed, finding that the pleadings filed by the- plaintiff “may be fairly construed as constituting a civil action to establish filiation, cumulated with a request to be appointed provisional adminis-tratrix.” The court then, noting that the sole issue considered at trial was whether the plaintiff was the decedent’s daughter, and further noting that the entire record was before it, proceeded t.o evaluate the evidence to determine whether the plaintiff had met her burden of proving filiation to the decedent. Stevenson, 492 So.2d at 102.
We agree with the Stevenson court’s underlying rationale that harsh, technical rules of pleading are not favored in Louisiana and that courts should look beyond the style and caption of a party’s pleadings and construe them so as to 17achieve substantial justice. We also agree that a court may consider pleadings as constituting an action for filiation regardless of whether a party entitles them as such. Stevenson, 492 So.2d at 101. Whether a particular pleading can reasonably be construed as an action for filiation, however, should be determined on a case-by-case basis. See, e.g., Succession of Cobb, 96-1249, p. 7 n. 5 (La.App. 1 Cir. 10/14/97), 710 So.2d 251, 255 n. 5, where the First Circuit, the same court that decided Stevenson, found that a plaintiff, who claimed to be the natural daughter of, and to have been acknowledged by, the decedent, and who had filed a motion to reopen the decedent’s succession proceeding, “ha[d] not brought a filiation action.”
The petition for intervention filed on behalf of Jonathan Beason merely asserted a right of intervention “on behalf of the decedent’s natural son, Jonathan Beason for any recovery that may transpire from *649 said litigation stemming from the wrongful death of his biological father, R.C. Bester.” It failed to plead any specific facts supporting intervenor’s conclusory claim of paternity by the decedent. It contained no prayer that intervenor be recognized as a child of the decedent. Finally, interve-nor failed to attach any exhibits to his petition tending to prove his allegation that R.C. Bester was his biological father.
It is true that La. C.C. art 209(C) provides that an action to establish proof of filiation may be cumulated with an action to recover damages under Article 2315. We do not interpret that to mean, however, that the mere intervention into a pending suit for wrongful death and survivor damages, by an illegitimate child who has neither: (1) alleged in that petition of intervention facts tending to prove that he is entitled to filiation along with an accompanying prayer that he be recognized as decedent’s son, nor (2) timely brought a separate action for filiation, is entitled to recovery under C.C. arts. 2315.1 or 2315.2. Intervenor’s argument that the | sallegations in his petition for intervention are sufficient to constitute a claim for filiation because Louisiana recognizes “fact pleading” rather than “theory of the case” pleading is misplaced. While it is true that fact pleading is the rule in Louisiana, the intervenor does not set forth a cause or right of action by setting forth mere conclusions unsupported by alleged facts. See Latham v. Latham, 216 La. 791, 44 So.2d 870, 871 (La.1950).
We conclude that the petition of intervention filed herein was nothing more than simply that, a petition whereby an alleged illegitimate son of R.C. Bester sought to intervene in a previously filed suit to recover wrongful death and survival damages arising from R.C. Bester’s death. The petition of intervention filed on behalf of Jonathan Beason cannot reasonably be construed as an action for filiation. Thus, our de novo review finds no error in the trial court’s ruling that the intervenor failed to file an action for filiation within one year of the death of R.C. Bester, and we affirm the trial court’s grant of summary judgment in favor of Slidell 76.
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of defendant, Slidell 76 Auto Truck Plaza, Inc., is affirmed.
AFFIRMED.

. In its interrogatories, Slidell 76 mistakenly referred to the Code of Civil Procedure, rather than to the Civil Code, as the basis for its inquiries.

. Subsequently, on July 9, 1999, intervenor filed a “Motion for Certification as Final Judgment and for Devolutive Appeal.” Therein intervenor specifically sought "certification that the Judgment rendered on May 10, 1999 was a final Judgment and immediately appealable and there is no just reason for delay of appeal, based upon the fact that all other claims of all other parties in this matter have been resolved and the judgment rendered on May 10, 1999 acts as a final judgment as [sic] all claims of intervenor; all in compliance with La.-C.C.P. Art.1915.” The trial court signed an order on July 12, 1999 certifying the May 10, 1999 judgment as final, reciting the above quoted language, and again granting intervenor a devolutive appeal from the judgment. Technically, the trial court’s jurisdiction over the case had divested upon its signing of the order granting interve-nor's first petition for appeal of the May 10, 1999 judgment. See La. C.C.P. art.2088. Thus, the trial court was without jurisdiction to sign the motion to certify/motion for devol-utive appeal. Nevertheless, the issues in this appeal are the only ones remaining in this matter, and the appellee has not objected to this court's jurisdiction over the appeal of the May 10, 1999 judgment. Accordingly, the dismissal of this appeal merely to have the trial court certify the complained of judgment as final would only delay our review of the matter, and we elect to let the appeal proceed in its present procedural posture.